Robert C. Balink El Paso Cnty, CO
12/18/2003  02:32
Doc  $0.00   Page
Rec  $20.00  1 of

20329005

_____ FILED   _____ ENTERED
_____ LODGED  _____ RECEIVED

NOV 21 2012

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

STATE OF MINNESOTA            IN JUSTICE COURT

COUNTY OF SCOTT              TOWNSHIP OF CREDIT RIVER
                                       MARTIN V. MAHONEY, JUSTICE

First National Bank of Montgomery,    Plaintiff,

vs.                                  JUDGMENT AND DECREE

Jerome Daly,                   Defendant.

     The above entitled action came on before the Court and a Jury of 12 on December 7, 1968 at 10:00 A.M. Plaintiff appeared by its President Lawrence V. Morgan and was represented by its Counsel Theodore R. Mellby. Defendant appeared on his own behalf.

     A Jury of Talesmen were called, impanneled and sworn to try the issues in this Case. Lawrence V. Morgan was the only witness called for Plaintiff and Defendant testified as the only witness in his own behalf.

     Plaintiff brought this as a Common Law action for the recovery of the possession of Lot 19, Fairview Beach, Scott County, Minn. Plaintiff claimed title to the Real Property in question by foreclosure of a Note and Mortgage Deed dated May 8, 1964 which Plaintiff claimed was in default at the time foreclosure proceedings were started.

     Defendant appeared and answered that the Plaintiff created the money and credit upon its own books by bookeeping entry as the consideration for the Note and Mortgage of May 8, 1964 and alleged failure of consideration for the Mortgage Deed and alleged that the Sheriff's sale passed no title to Plaintiff.

     The issues tried to the Jury were whether there was a lawful consideration and whether Defendant had waived his rights to complain about the consideration having paid on the Note for almost 3 years.

     Mr. Morgan admitted that all of the money or credit which was used as a consideration was created upon their books, that this was standard banking practice exercised by their bank in combination with the Federal Reserve Bank of Minneapolis, another private Bank, further that he knew of no United States Statute or Law that gave the Plaintiff the authority to do this. Plaintiff further claimed that Defendant by using the ledger book created credit and by paying

CERTIFICATION
The Clerk and Recorder for the CITY AND COUNTY OF DENVER State of Colorado does hereby certify this document to be a full, true and correct copy of the original document recorded in my office
by _____ Clerk and Recorder
Date JAN 02 2008



EVIDENCE Exhibit 5

12-CV-02048-EXH 5

on the Note and Mortgage waived any right to complain about the Consideration and that Defendant was estopped from doing so.

At 12:15 on December 7, 1968 the Jury returned a unanimous verdict for the Defendant.

Now therefore, by virtue of the authority vested in me pursuant to the Declaration of Independence, the Northwest Ordinance of 1787, the Constitution of the United States and the Constitution and laws of the State of Minnesota not inconsistent therewith;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That Plaintiff is not entitled to recover the possession of Lot 19, Fairview Beach, Scott County, Minnesota according to the Plat thereof on file in the Register of Deeds office.

2. That because of failure of a lawful consideration the Note and Mortgage dated May 8, 1964 are null and void.

3. That the Sheriff's sale of the above described premises held on June 26, 1967 is null and void, of no effect.

4. That Plaintiff has no right, title or interest in said premises or lien thereon, as is above described.

5. That any provision in the Minnesota Constitution and any Minnesota Statute limiting the Jurisdiction of this Court is repugnant to the Constitution of the United States and to the Bill of Rights of the Minnesota Constitution and is null and void and that this Court has Jurisdiction to render complete Justice in this Cause.

6. That Defendant is awarded costs in the sum of $75.00 and execution is hereby issued therefore.

7. A 10 day stay is granted.

8. The following memorandum and any supplemental memorandum made and filed by this Court in support of this Judgment is hereby made a part hereof by reference.

Dated December 9, 1968

BY THE COURT

MARTIN V. MAHONEY
JUSTICE OF THE PEACE
CREDIT RIVER TOWNSHIP
SCOTT COUNTY, MINNESOTA

2003264757

## MEMORANDUM

The issues in this case were simple. There was no material dispute on the facts for the Jury to resolve.

Plaintiff admitted that it, in combination with the Federal Reserve Bank of Minneapolis, which are for all practical purposes, because of there interlocking activity and practices, and both being Banking Instutions Incorporated under the Laws of the United States, are in the Law to be treated as one and the same Bank, did create the entire $14,000.00 in money or credit upon its own books by bookeeping entry. That this was the Consideration used to support the Note dated May 8, 1964 andthe Mortgage of the same date. The money and credit first came into existance when they created it. Mr. Morgan admitted that no United States Law or Statute existed which gave him the right to do this. A lawful consideration must exist and be tendered to support the Note. See Anheuser-Busch Brewing Co. v. Emma Mason, 44 Minn. 318, 46 N.W. 558. The Jury found there was no lawful consideration and I agree. Only God can created something of value out of nothing.

Even if Defendant could be charged with waiver or estoppel as a matter of Law this is no defense to the Plaintiff. The Law leaves wrongdoers where it finds them. See sections 50, 51 and 52 of Am Jur 2d "Actions" on page 584 -"no action will lie to recover on a claim based upon, or in any manner depending upon, a fraudulent, illegal, or immoral transaction or contract to which Plaintiff was a party.

Plaintiff's act of creating credit is not authorized by the Constitution and Laws of the United States, is unconstitutional and void, and is not a lawful consideration in the eyes of the Law to support any thing or upon which any lawful rights can be built.

Nothing in the Constitution of the United States limits the Jurisdiction of this Court, which is one of original Jurisdiction with right of trial by Jury guaranteed. This is a Common Law Action. Minnesota cannot limit or impair the power of this Court to render Complete Justice between the parties. Any provisions in the Constitution and laws of Minnesota which attempt to do so are repugnant to the



2003264757
Page 3 of 4
12/23/2003 01:49P
City & County Of Denver

Constitution of the United States and and void. No question as to the Jurisdiction of this Court was raised by either party at the trial. Both parties were given complete liberty to submit any and all facts and law to the Jury, at least in so far as they saw fit.

No complaint was made by Plaintiff that Plaintiff did not recieve a fair trial. From the admissions made by Mr. Morgan the path of duty was made direct and clear for the Jury. Their Verdict could not reasonably have been otherwise. Justice was rendered completely and without denial, promptly and without delay, freely and without purchase, conformable to the laws in this Court on December 7, 1968.

December 9, 1968

BY THE COURT

MARTIN V. MAHONEY
JUSTICE OF THE PEACE
CREDIT RIVER TOWNSHIP
SCOTT COUNTY, MINNESOTA

Note: It has never been doubted that a Note given on a Consideration which is prohibited by law is void. It has been determined, independent of Acts of Congress, that sailing under the license of an enemy is illegal. The emmission of Bills of Credit upon the books of these private Corporations, for the purposes of private gain is not warranted by the Constitution of the United States and is unlawful. See Craig v. Mo. 4 Peters Reports 912. This Court can tread only that path which is marked out by duty.    M.V.M.

2003264757