FILED _____ ENTERED
Form 82
_____ LODGED _____ RECEIVED

NOV 21 2012

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

## Form 71. Judgment by the Court without a Jury.

(Caption — See Form 1.)

This action was tried by Judge _____ without a jury and the following decision was reached.

It is ordered that [the plaintiff __*name*__ recover from the defendant __*name*__ the amount of $_____, with prejudgment interest at the rate of ___%, postjudgment interest at the rate of ___%, along with costs.] [the plaintiff recover nothing, the action be dismissed on the merits, and the defendant __*name*__ recover costs from the plaintiff __*name*__.]

Date_____                            _____
                                        Clerk of Court

## Form 80. Notice of a Magistrate Judge's Availability.

1.    A magistrate judge is available under title 28 U.S.C. § 636(c) to conduct the proceedings in this case, including a jury or nonjury trial and the entry of final judgment. But a magistrate judge can be assigned only if all parties voluntarily consent.

2.    You may withhold your consent without adverse substantive consequences. The identity of any party consenting or withholding consent will not be disclosed to the judge to whom the case is assigned or to any magistrate judge.

3.    If a magistrate judge does hear your case, you may appeal directly to a United States court of appeals as you would if a district judge heard it.

A form called *Consent to an Assignment to a United States Magistrate Judge* is available from the court clerk's office.

## Form 81. Consent to an Assignment to a Magistrate Judge.

(Caption — See Form 1.)

I voluntarily consent to have a United States magistrate judge conduct all further proceedings in this case, including a trial, and order the entry of final judgment. (Return this form to the court clerk — not to a judge or magistrate judge.)

Date_____                            _____
                                        Signature of the Party

## Form 82. Order of Assignment to a Magistrate Judge.

(Caption — See Form 1.)

With the parties' consent it is ordered that this case be assigned to United States Magistrate Judge _____ of this district to conduct all proceedings and enter final judgment in accordance with 28 U.S.C. § 636(c).

Date _____                          _____
                                        United States District Judge

## SUPPLEMENTAL RULES FOR ADMIRALTY OR MARITIME CLAIMS AND ASSET FORFEITURE ACTIONS[1]

NOTES OF ADVISORY COMMITTEE ON RULES

The amendments to the Federal Rules of Civil Procedure to unify the civil and admiralty procedure, together with the Supplemental Rules for Certain Admiralty and Maritime Claims, completely superseded the Admiralty Rules, effective July 1, 1966. Accordingly, the latter were rescinded.

[1] Title amended April 12, 2006, effective December 1, 2006.

NOTES OF ADVISORY COMMITTEE ON RULES—1985 AMENDMENT

Since their promulgation in 1966, the Supplemental Rules for Certain Admiralty and Maritime Rules have preserved the special procedures of arrest and attachment unique to admiralty law. In recent years, however, these Rules have been challenged as violating the principles of procedural due process enunciated in the United States Supreme Court's decision in *Sniadach v. Family Finance Corp.*, 395 U.S. 337 (1969), and later developed in *Fuentes v. Shevin*, 407 U.S. 67 (1972); *Mitchell v. W. T. Grant Co.*, 416 U.S. 600 (1974); and *North Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601 (1975). These Supreme Court decisions provide five basic criteria for a constitutional seizure of property: (1) effective notice to persons having interests in the property seized, (2) judicial review prior to attachment, (3) avoidance of



12-CV-02048-EXH 16

EVIDENCE Exhibit 16

conclusory allegations in the complaint, (4) security posted by the plaintiff to protect the owner of the property under attachment, and (5) a meaningful and timely hearing after attachment.

Several commentators have found the Supplemental Rules lacking on some or all five grounds. *E.g.,* Batiza & Partridge, *The Constitutional Challenge to Maritime Seizures,* 26 Loy. L. Rev. 203 (1980); Morse, *The Conflict Between the Supreme Court Admiralty Rules and Sniadach-Fuentes: A Collision Course?,* 3 Fla. St. U.L. Rev. 1 (1975). The federal courts have varied in their disposition of challenges to the Supplemental Rules. The Fourth and Fifth Circuits have affirmed the constitutionality of Rule C. *Amstar Corp. v. S/S Alexandros T.,* 664 F.2d 904 (4th Cir. 1981); *Merchants National Bank of Mobile v. The Dredge General G. L. Gillespie,* 663 F.2d 1338 (5th Cir. 1981), *cert. dismissed,* 456 U.S. 966 (1982). However, a district court in the Ninth Circuit found Rule C unconstitutional. *Alyeska Pipeline Service Co. v. The Vessel Bay Ridge,* 509 F. Supp. 1115 (D. Alaska 1981), *appeal dismissed,* 703 F.2d 381 (9th Cir. 1983). Rule B(1) has received similar inconsistent treatment. The Ninth and Eleventh Circuits have upheld its constitutionality. *Polar Shipping, Ltd. v. Oriental Shipping Corp.,* 680 F.2d 627 (9th Cir. 1982); *Schiffahartsgesellschaft Leonhardt & Co. v. A. Bottacchi S. A. de Navegacion,* 732 F.2d 1543 (11th Cir. 1984). On the other hand, a Washington district court has found it to be constitutionally deficient. *Grand Bahama Petroleum Co. v. Canadian Transportation Agencies, Ltd.,* 450 F. Supp. 447 (W.D. Wash. 1978). The constitutionality of both rules was questioned in *Techem Chem Co. v. M/T Choyo Maru,* 416 F. Supp. 960 (D. Md. 1976). Thus, there is uncertainty as to whether the current rules prescribe constitutionally sound procedures for guidance of courts and counsel. See generally Note, *Due Process in Admiralty Arrest and Attachment,* 56 Tex. L. Rev. 1091 (1978).

Due to the controversy and uncertainty that have surrounded the Supplemental Rules, local admiralty bars and the Maritime Law Association of the United States have sought to strengthen the constitutionality of maritime arrest and attachment by encouraging promulgation of local admiralty rules providing for prompt post-seizure hearings. Some districts have adopted rules calling for judicial scrutiny of applications for arrest or attachment. Nonetheless, the result has been a lack of uniformity and continued concern over the constitutionality of the existing practice. The amendments that follow are intended to provide rules that meet the requirements prescribed by the Supreme Court and to develop uniformity in the admiralty practice.

**Rule A. Scope of Rules**

(1) These Supplemental Rules apply to:

(A) the procedure in admiralty and maritime claims within the meaning of Rule 9(h) with respect to the following remedies:

(i) maritime attachment and garnishment,

(ii) actions in rem,

(iii) possessory, petitory, and partition actions, and

(iv) actions for exoneration from or limitation of liability;

(B) forfeiture actions in rem arising from a federal statute; and

(C) the procedure in statutory condemnation proceedings analogous to maritime actions in rem, whether within the admiralty and maritime jurisdiction or not. Except as otherwise provided, references in these Supplemental Rules to actions in rem include such analogous statutory condemnation proceedings.

(2) The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules.

(As added Feb. 28, 1966, eff. July 1, 1966; amended Apr. 12, 2006, eff. Dec. 1, 2006.)

NOTES OF ADVISORY COMMITTEE ON RULES

Certain distinctively maritime remedies must be preserved in unified rules. The commencement of an action by attachment or garnishment has heretofore been practically unknown in federal jurisprudence except in admiralty, although the amendment of Rule 4(e) effective July 1, 1963, makes available that procedure in accordance with state law. The maritime proceeding in rem is unique, except as it has been emulated by statute, and is closely related to the substantive maritime law relating to liens. Arrest of the vessel or other maritime property is an historic remedy in controversies over title or right to possession, and in disputes among co-owners over the vessel's employment. The statutory right to limit liability is limited to owners of vessels, and has its own complexities. While the unified federal rules are generally applicable to these distinctive proceedings, certain special rules dealing with them are needed.

Arrest of the person and imprisonment for debt are not included because these remedies are not peculiarly maritime. The practice in such matters is not uniform but conforms to state law. See 2 Benedict §286; 28 U.S.C., §2007; FRCP 64, 69. The relevant provisions of Admiralty Rules 2, 3, and 4 are unnecessary or obsolete.

No attempt is here made to compile a complete and self-contained code governing these distinctively maritime remedies. The more limited objective is to carry forward the relevant provisions of the former Rules of Practice for Admiralty and Maritime Cases, modernized and revised to some extent but still in the context of history and precedent. Accordingly, these Rules are not to be construed as limiting or impairing the traditional power of a district court, exercising the admiralty and maritime jurisdiction, to adapt its procedures and its remedies in the individual case, consistently with these rules, to secure the just, speedy, and inexpensive determination of every action. (See *Swift & Co., Packers v. Compania Columbiana Del Caribe, S/A,* 339 U.S. 684, (1950); Rule 1). In addition, of course, the district courts retain the power to make local rules not inconsistent with these rules. See Rule 83; cf. Admiralty Rule 44.

COMMITTEE NOTES ON RULES—2006 AMENDMENT

Rule A is amended to reflect the adoption of Rule G to govern procedure in civil forfeiture actions. Rule G(1) contemplates application of other Supplemental Rules to the extent that Rule G does not address an issue. One example is the Rule E(4)(c) provision for arresting intangible property.

**Rule B. In Personam Actions: Attachment and Garnishment**

(1) WHEN AVAILABLE; COMPLAINT, AFFIDAVIT, JUDICIAL AUTHORIZATION, AND PROCESS. In an in personam action:

(a) If a defendant is not found within the district when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property—up to the amount sued for—in the hands of garnishees named in the process.

(b) The plaintiff or the plaintiff's attorney must sign and file with the complaint an affidavit stating that, to the affiant's knowledge, or on information and belief, the defendant cannot be found within the district. The court must review the complaint and affidavit and, if the conditions of this Rule B appear to exist, enter an order so stating and authorizing proc-

ess of attachment and garnishment. The clerk may issue supplemental process enforcing the court's order upon application without further court order.

(c) If the plaintiff or the plaintiff's attorney certifies that exigent circumstances make court review impracticable, the clerk must issue the summons and process of attachment and garnishment. The plaintiff has the burden in any post-attachment hearing under Rule E(4)(f) to show that exigent circumstances existed.

(d)(i) If the property is a vessel or tangible property on board a vessel, the summons, process, and any supplemental process must be delivered to the marshal for service.

(ii) If the property is other tangible or intangible property, the summons, process, and any supplemental process must be delivered to a person or organization authorized to serve it, who may be (A) a marshal; (B) someone under contract with the United States; (C) someone specially appointed by the court for that purpose; or, (D) in an action brought by the United States, any officer or employee of the United States.

(e) The plaintiff may invoke state-law remedies under Rule 64 for seizure of person or property for the purpose of securing satisfaction of the judgment.

(2) NOTICE TO DEFENDANT. No default judgment may be entered except upon proof—which may be by affidavit—that:

(a) the complaint, summons, and process of attachment or garnishment have been served on the defendant in a manner authorized by Rule 4;

(b) the plaintiff or the garnishee has mailed to the defendant the complaint, summons, and process of attachment or garnishment, using any form of mail requiring a return receipt; or

(c) the plaintiff or the garnishee has tried diligently to give notice of the action to the defendant but could not do so.

(3) ANSWER.

(a) *By Garnishee.* The garnishee shall serve an answer, together with answers to any interrogatories served with the complaint, within 21 days after service of process upon the garnishee. Interrogatories to the garnishee may be served with the complaint without leave of court. If the garnishee refuses or neglects to answer on oath as to the debts, credits, or effects of the defendant in the garnishee's hands, or any interrogatories concerning such debts, credits, and effects that may be propounded by the plaintiff, the court may award compulsory process against the garnishee. If the garnishee admits any debts, credits, or effects, they shall be held in the garnishee's hands or paid into the registry of the court, and shall be held in either case subject to the further order of the court.

(b) *By Defendant.* The defendant shall serve an answer within 30 days after process has been executed, whether by attachment of property or service on the garnishee.

(As added Feb. 28, 1966, eff. July 1, 1966; amended Apr. 29, 1985, eff. Aug. 1, 1985; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 17, 2000, eff. Dec. 1, 2000; Apr. 25, 2005, eff. Dec. 1, 2005; Mar. 26, 2009, eff. Dec. 1, 2009.)

NOTES OF ADVISORY COMMITTEE ON RULES

Subdivision (1)

This preserves the traditional maritime remedy of attachment and garnishment, and carries forward the relevant substance of Admiralty Rule 2. In addition, or in the alternative, provision is made for the use of similar state remedies made available by the amendment of Rule 4(e) effective July 1, 1963. On the effect of appearance to defend against attachment see Rule E(8).

The rule follows closely the language of Admiralty Rule 2. No change is made with respect to the property subject to attachment. No change is made in the condition that makes the remedy available. The rules have never defined the clause, "if the defendant shall not be found within the district," and no definition is attempted here. The subject seems one best left for the time being to development on a case-by-case basis. The proposal does shift from the marshal (on whom it now rests in theory) to the plaintiff the burden of establishing that the defendant cannot be found in the district.

A change in the context of the practice is brought about by Rule 4(f), which will enable summons to be served throughout the state instead of, as heretofore, only within the district. The Advisory Committee considered whether the rule on attachment and garnishment should be correspondingly changed to permit those remedies only when the defendant cannot be found within the state and concluded that the remedy should not be so limited.

The effect is to enlarge the class of cases in which the plaintiff may proceed by attachment or garnishment although jurisdiction of the person of the defendant may be independently obtained. This is possible at the present time where, for example, a corporate defendant has appointed an agent within the district to accept service of process but is not carrying on activities there sufficient to subject it to jurisdiction. (*Seawind Compania, S.A. v. Crescent Line, Inc.,* 320 F.2d 580 (2d Cir. 1963)), or where, though the foreign corporation's activities in the district are sufficient to subject it personally to the jurisdiction, there is in the district no officer on whom process can be served (*United States v. Cia. Naviera Continental, S.A.,* 178 F.Supp. 561, (S.D.N.Y. 1959)).

Process of attachment or garnishment will be limited to the district. See Rule E(3)(a).

Subdivision (2)

The former Admiralty Rules did not provide for notice to the defendant in attachment and garnishment proceedings. None is required by the principles of due process, since it is assumed that the garnishee or custodian of the property attached will either notify the defendant or be deprived of the right to plead the judgment as a defense in an action against him by the defendant. *Harris v. Balk,* 198 U.S. 215 (1905); *Pennoyer v. Neff,* 95 U.S. 714 (1878). Modern conceptions of fairness, however, dictate that actual notice be given to persons known to claim an interest in the property that is the subject of the action where that is reasonably practicable. In attachment and garnishment proceedings the persons whose interests will be affected by the judgment are identified by the complaint. No substantial burden is imposed on the plaintiff by a simple requirement that he notify the defendant of the action by mail.

In the usual case the defendant is notified of the pendency of the proceedings by the garnishee or otherwise, and appears to claim the property and to make his answer. Hence notice by mail is not routinely required in all cases, but only in those in which the defendant has not appeared prior to the time when a default judgment is demanded. The rule therefore provides only that no default judgment shall be entered except upon proof of notice, or of inability to give notice despite diligent efforts to do so. Thus the burden of giving notice is further minimized.

In some cases the plaintiff may prefer to give notice by serving process in the usual way instead of simply by mail. (Rule 4(d).) In particular, if the defendant is in a foreign country the plaintiff may wish to utilize the modes of notice recently provided to facilitate compliance with foreign laws and procedures (Rule 4(i)). The rule provides for these alternatives.

The rule does not provide for notice by publication because there is no problem concerning unknown claimants, and publication has little utility in proportion to its expense where the identity of the defendant is known.

Subdivision (3)

Subdivision (a) incorporates the substance of Admiralty Rule 36.

The Admiralty Rules were silent as to when the garnishee and the defendant were to answer. See also 2 Benedict ch. XXIV.

The rule proceeds on the assumption that uniform and definite periods of time for responsive pleadings should be substituted for return days (see the discussion under Rule C(6), below). Twenty days seems sufficient time for the garnishee to answer (cf. FRCP 12(a)), and an additional 10 days should suffice for the defendant. When allowance is made for the time required for notice to reach the defendant this gives the defendant in attachment and garnishment approximately the same time that defendants have to answer when personally served.

NOTES OF ADVISORY COMMITTEE ON RULES—1985 AMENDMENT

Rule B(1) has been amended to provide for judicial scrutiny before the issuance of any attachment or garnishment process. Its purpose is to eliminate doubts as to whether the Rule is consistent with the principles of procedural due process enunciated by the Supreme Court in *Sniadach v. Family Finance Corp.*, 395 U.S. 337 (1969); and later developed in *Fuentes v. Shevin*, 407 U.S. 67 (1972); *Mitchell v. W. T. Grant Co.*, 416 U.S. 600 (1974); and *North Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601 (1975). Such doubts were raised in *Grand Bahama Petroleum Co. v. Canadian Transportation Agencies, Ltd.*, 450 F. Supp. 447 (W.D. Wash. 1978); and *Schiffahrtsgesellschaft Leonhardt & Co. v. A. Bottacchi S.A. de Navegacion*, 552 F. Supp. 771 (S.D. Ga. 1982), which was reversed, 732 F.2d 1543 (11th Cir. 1984). But compare *Polar Shipping Ltd. v. Oriental Shipping Corp.*, 680 F.2d 627 (9th Cir. 1982), in which a majority of the panel upheld the constitutionality of Rule B because of the unique commercial context in which it is invoked. The practice described in Rule B(1) has been adopted in some districts by local rule. E.g., N.D. Calif. Local Rule 603.3; W.D. Wash. Local Admiralty Rule 15(d).

The rule envisions that the order will issue when the plaintiff makes a prima facie showing that he has a maritime claim against the defendant in the amount sued for and the defendant is not present in the district. A simple order with conclusory findings is contemplated. The reference to review by the "court" is broad enough to embrace review by a magistrate as well as by a district judge.

The new provision recognizes that in some situations, such as when the judge is unavailable and the ship is about to depart from the jurisdiction, it will be impracticable, if not impossible, to secure the judicial review contemplated by Rule B(1). When "exigent circumstances" exist, the rule enables the plaintiff to secure the issuance of the summons and process of attachment and garnishment, subject to a later showing that the necessary circumstances actually existed. This provision is intended to provide a safety valve without undermining the requirement of preattachment scrutiny. Thus, every effort to secure judicial review, including conducting a hearing by telephone, should be pursued before resorting to the exigent-circumstances procedure.

Rule B(1) also has been amended so that the garnishee shall be named in the "process" rather than in

the "complaint." This should solve the problem presented in *Filia Compania Naviera, S.A. v. Petroship, S.A.*, 1983 A.M.C. 1 (S.D.N.Y. 1982), and eliminate any need for an additional judicial review of the complaint and affidavit when a garnishee is added.

NOTES OF ADVISORY COMMITTEE ON RULES—1987 AMENDMENT

The amendments are technical. No substantive change is intended.

COMMITTEE NOTES ON RULES—2000 AMENDMENT

Rule B(1) is amended in two ways, and style changes have been made.

The service provisions of Rule C(3) are adopted in paragraph (d), providing alternatives to service by a marshal if the property to be seized is not a vessel or tangible property on board a vessel.

The provision that allows the plaintiff to invoke state attachment and garnishment remedies is amended to reflect the 1993 amendments of Civil Rule 4. Former Civil Rule 4(e), incorporated in Rule B(1), allowed general use of state quasi-in-rem jurisdiction if the defendant was not an inhabitant of, or found within, the state. Rule 4(e) was replaced in 1993 by Rule 4(n)(2), which permits use of state law to seize a defendant's assets only if personal jurisdiction over the defendant cannot be obtained in the district where the action is brought. Little purpose would be served by incorporating Rule 4(n)(2) in Rule B, since maritime attachment and garnishment are available whenever the defendant is not found within the district, a concept that allows attachment or garnishment even in some circumstances in which personal jurisdiction also can be asserted. In order to protect against any possibility that elimination of the reference to state quasi-in-rem jurisdiction remedies might seem to defeat continued use of state security devices, paragraph (e) expressly incorporates Civil Rule 64. Because Rule 64 looks only to security, not jurisdiction, the former reference to Rule E(8) is deleted as no longer relevant.

Rule B(2)(a) is amended to reflect the 1993 redistribution of the service provisions once found in Civil Rule 4(d) and (i). These provisions are now found in many different subdivisions of Rule 4. The new reference simply incorporates Rule 4, without designating the new subdivisions, because the function of Rule B(2) is simply to describe the methods of notice that suffice to support a default judgment. Style changes also have been made.

COMMITTEE NOTES ON RULES—2005 AMENDMENT

Rule B(1) is amended to incorporate the decisions in *Heidmar, Inc. v. Anomina Ravennate Di Armamento Sp.A. of Ravenna*, 132 F.3d 264, 267–268 (5th Cir. 1998), and *Navieros InterAmericanos, S.A. v. M/V Vasilia Express*, 120 F.3d 304, 314–315 (1st Cir. 1997). The time for determining whether a defendant is "found" in the district is set at the time of filing the verified complaint that prays for attachment and the affidavit required by Rule B(1)(b). As provided by Rule B(1)(b), the affidavit must be filed with the complaint. A defendant cannot defeat the security purpose of attachment by appointing an agent for service of process after the complaint and affidavit are filed. The complaint praying for attachment need not be the initial complaint. So long as the defendant is not found in the district, the prayer for attachment may be made in an amended complaint; the affidavit that the defendant cannot be found must be filed with the amended complaint.

*Changes Made After Publication and Comment.* No changes have been made since publication.

COMMITTEE NOTES ON RULES—2009 AMENDMENT

The time set in the former rule at 20 days has been revised to 21 days. See the Note to Rule 6.

## Rule C. In Rem Actions: Special Provisions

(1) WHEN AVAILABLE. An action in rem may be brought:

(a) To enforce any maritime lien;

(b) Whenever a statute of the United States provides for a maritime action in rem or a proceeding analogous thereto.

Except as otherwise provided by law a party who may proceed in rem may also, or in the alternative, proceed in personam against any person who may be liable.

Statutory provisions exempting vessels or other property owned or possessed by or operated by or for the United States from arrest or seizure are not affected by this rule. When a statute so provides, an action against the United States or an instrumentality thereof may proceed on in rem principles.

(2) COMPLAINT. In an action in rem the complaint must:

(a) be verified;

(b) describe with reasonable particularity the property that is the subject of the action; and

(c) state that the property is within the district or will be within the district while the action is pending.

(3) JUDICIAL AUTHORIZATION AND PROCESS.

(a) *Arrest Warrant.*

(i) The court must review the complaint and any supporting papers. If the conditions for an in rem action appear to exist, the court must issue an order directing the clerk to issue a warrant for the arrest of the vessel or other property that is the subject of the action.

(ii) If the plaintiff or the plaintiff's attorney certifies that exigent circumstances make court review impracticable, the clerk must promptly issue a summons and a warrant for the arrest of the vessel or other property that is the subject of the action. The plaintiff has the burden in any post-arrest hearing under Rule E(4)(f) to show that exigent circumstances existed.

(b) *Service.*

(i) If the property that is the subject of the action is a vessel or tangible property on board a vessel, the warrant and any supplemental process must be delivered to the marshal for service.

(ii) If the property that is the subject of the action is other property, tangible or intangible, the warrant and any supplemental process must be delivered to a person or organization authorized to enforce it, who may be: (A) a marshal; (B) someone under contract with the United States; (C) someone specially appointed by the court for that purpose; or, (D) in an action brought by the United States, any officer or employee of the United States.

(c) *Deposit in Court.* If the property that is the subject of the action consists in whole or in part of freight, the proceeds of property sold, or other intangible property, the clerk must issue—in addition to the warrant—a summons directing any person controlling the property to show cause why it should not be deposited in court to abide the judgment.

(d) *Supplemental Process.* The clerk may upon application issue supplemental process to enforce the court's order without further court order.

(4) NOTICE. No notice other than execution of process is required when the property that is the subject of the action has been released under Rule E(5). If the property is not released within 14 days after execution, the plaintiff must promptly—or within the time that the court allows—give public notice of the action and arrest in a newspaper designated by court order and having general circulation in the district, but publication may be terminated if the property is released before publication is completed. The notice must specify the time under Rule C(6) to file a statement of interest in or right against the seized property and to answer. This rule does not affect the notice requirements in an action to foreclose a preferred ship mortgage under 46 U.S.C. §§31301 et seq., as amended.

(5) ANCILLARY PROCESS. In any action in rem in which process has been served as provided by this rule, if any part of the property that is the subject of the action has not been brought within the control of the court because it has been removed or sold, or because it is intangible property in the hands of a person who has not been served with process, the court may, on motion, order any person having possession or control of such property or its proceeds to show cause why it should not be delivered into the custody of the marshal or other person or organization having a warrant for the arrest of the property, or paid into court to abide the judgment; and, after hearing, the court may enter such judgment as law and justice may require.

(6) RESPONSIVE PLEADING; INTERROGATORIES.

(a) *Statement of Interest; Answer.* In an action in rem:

(i) a person who asserts a right of possession or any ownership interest in the property that is the subject of the action must file a verified statement of right or interest:

(A) within 14 days after the execution of process, or

(B) within the time that the court allows;

(ii) the statement of right or interest must describe the interest in the property that supports the person's demand for its restitution or right to defend the action;

(iii) an agent, bailee, or attorney must state the authority to file a statement of right or interest on behalf of another; and

(iv) a person who asserts a right of possession or any ownership interest must serve an answer within 21 days after filing the statement of interest or right.

(b) *Interrogatories.* Interrogatories may be served with the complaint in an in rem action without leave of court. Answers to the interrogatories must be served with the answer to the complaint.

(As added Feb. 28, 1966, eff. July 1, 1966; amended Apr. 29, 1985, eff. Aug. 1, 1985; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 1991, eff. Dec. 1, 1991; Apr. 17, 2000, eff. Dec. 1, 2000; Apr. 29, 2002, eff. Dec. 1, 2002; Apr. 25, 2005, eff. Dec. 1, 2005; Apr. 12, 2006, eff. Dec. 1, 2006; Apr. 23, 2008, eff. Dec. 1, 2008; Mar. 26, 2009, eff. Dec. 1, 2009.)

### NOTES OF ADVISORY COMMITTEE ON RULES

Subdivision (1).

This rule is designed not only to preserve the proceeding in rem as it now exists in admiralty cases, but to preserve the substance of Admiralty Rules 13–18. The general reference to enforcement of any maritime lien is believed to state the existing law, and is an improvement over the enumeration in the former Admiralty Rules, which is repetitious and incomplete (e.g., there was no reference to general average). The reference to any maritime lien is intended to include liens created by state law which are enforceable in admiralty.

The main concern of Admiralty Rules 13–18 was with the question whether certain actions might be brought in rem or also, or in the alternative, in personam. Essentially, therefore, these rules deal with questions of substantive law, for in general an action in rem may be brought to enforce any maritime lien, and no action in personam may be brought when the substantive law imposes no personal liability.

These rules may be summarized as follows:
1. Cases in which the plaintiff may proceed in rem and/or in personam:
    a. Suits for seamen's wages;
    b. Suits by materialmen for supplies, repairs, etc.;
    c. Suits for pilotage;
    d. Suits for collision damages;
    e. Suits founded on mere maritime hypothecation;
    f. Suits for salvage.
2. Cases in which the plaintiff may proceed only in personam:
    a. Suits for assault and beating.
3. Cases in which the plaintiff may proceed only in rem:
    a. Suits on bottomry bonds.

The coverage is complete, since the rules omit mention of many cases in which the plaintiff may proceed in rem or in personam. This revision proceeds on the principle that it is preferable to make a general statement as to the availability of the remedies, leaving out conclusions on matters of substantive law. Clearly it is not necessary to enumerate the cases listed under Item 1, above, nor to try to complete the list.

The rule eliminates the provision of Admiralty Rule 15 that actions for assault and beating may be brought only in personam. A preliminary study fails to disclose any reason for the rule. It is subject to so many exceptions that it is calculated to receive rather than to inform. A seaman may sue in rem when he has been beaten by a fellow member of the crew so vicious as to render the vessel unseaworthy. *The Rolph*, 293 Fed. 269, aff'd 299 Fed. 52 (9th Cir. 1923), or where the theory of the action is that a beating by the master is a breach of the obligation under the shipping articles to treat the seaman with proper kindness. *The David Evans*, 187 Fed. 775 (D. Hawaii 1911); and a passenger may sue in rem on the theory that the assault is a breach of the contract of passage, *The Western States*, 159 Fed. 354 (2d Cir. 1908). To say that an action for money damages may be brought only in personam seems equivalent to saying that a maritime lien shall not exist; and that, in turn, seems equivalent to announcing a rule of substantive law rather than a rule of procedure. Dropping the rule will leave it to the courts to determine whether a lien exists as a matter of substantive law.

The specific reference to bottomry bonds is omitted because, as a matter of hornbook substantive law, there is no personal liability on such bonds.

Subdivision (2).

This incorporates the substance of Admiralty Rules 21 and 22.

Subdivision (3).

Derived from Admiralty Rules 10 and 37. The provision that the warrant is to be issued by the clerk is new, but is assumed to state existing law.

There is remarkably little authority bearing on Rule 37, although the subject would seem to be an important one. The rule appears on its face to have provided for

a sort of ancillary process, and this may well be the case when tangible property, such as a vessel, is arrested, and intangible property such as freight is incidentally involved. It can easily happen, however, that the only property against which the action may be brought is intangible, as where the owner of a vessel under charter has a lien on subfreights. See 2 Benedict §299 and cases cited. In such cases it would seem that the order to the person holding the fund is equivalent to original process, taking the place of the warrant for arrest. That being so, it would also seem that (1) there should be some provision for notice, comparable to that given when tangible property is arrested, and (2) it should not be necessary, as Rule 37 provided, to petition the court for issuance of the process, but that it should issue as of course. Accordingly the substance of Rule 37 is included in the rule covering ordinary process, and notice will be required by Rule C(4). Presumably the rules omit any requirement of notice in these cases because the holder of the funds (e.g., the cargo owner) would be required on general principles (cf. *Harris v. Balk*, 198 U.S. 215 (1905) to notify his obligee (e.g., the charterer); but in actions in rem such notice seems plainly inadequate because there may be adverse claims to the fund (e.g., there may be liens against the subfreights for seamen's wages, etc.). Compare Admiralty Rule 9.

Subdivision (4).

This carries forward the notice provision of Admiralty Rule 10, with one modification. Notice by publication is too expensive and ineffective a formality to be routinely required. When, as usually happens, the vessel or other property is released on bond or otherwise there is no point in publishing notice; the vessel is freed from the claim of the plaintiff and no other interest in the vessel can be affected by the proceedings. If however, the vessel is not released, general notice is required in order that all persons, including unknown claimants, may appear and be heard, and in order that the judgment in rem shall be binding on all the world.

Subdivision (5).

This incorporates the substance of Admiralty Rule 9.

There are remarkably few cases dealing directly with the rule. In *The George Prescott*, 10 Fed. Cas. 222 (No. 5,339) (E.D.N.Y. 1865), the master and crew of a vessel libeled her for wages, and other lienors also filed libels. One of the lienors suggested to the court that prior to the arrest of the vessel the master had removed the sails, and asked that he be ordered to produce them. He admitted removing the sails and selling them, justifying on the ground that he held a mortgage on the vessel. He was ordered to pay the proceeds into court. Cf. *United States v. The Zarko*, 187 F.Supp. 371 (S.D.Cal. 1960), where an armature belonging to a vessel subject to a preferred ship mortgage was in possession of a repairman claiming a lien.

It is evident that, though the rule has had a limited career in the reported cases, it is a potentially important one. It is also evident that the rule is framed in terms narrower than the principle that supports it. There is no apparent reason for limiting it to ships and their appurtenances (2 Benedict §299). Also, the reference to "third parties" in the existing rule seems unfortunate. In The George Prescott, the person who removed and sold the sails was a plaintiff in the action, and relief against him was just as necessary as if he had been a stranger.

Another situation in which process of this kind would seem to be useful is that in which the principal property that is the subject of the action is a vessel, but her pending freight is incidentally involved. The warrant of arrest, and notice of its service, should be all that is required by way of original process and notice; ancillary process without notice should suffice as to the incidental intangibles.

The distinction between Admiralty Rules 9 and 37 is not at once apparent, but seems to be this: Where the action was against property that could not be seized by

the marshal because it is intangible, the original process was required to be similar to that issued against a garnishee, and general notice was required (though not provided for by the present rule; cf. Advisory Committee's Note to Rule C(3)). Under Admiralty Rule 9 property had been arrested and general notice had been given, but some of the property had been removed or for some other reason could not be arrested. Here no further notice was necessary.

The rule also makes provision for this kind of situation: The proceeding is against a vessel's pending freight only; summons has been served on the person supposedly holding the funds, and general notice has been given; it develops that another person holds all or part of the funds. Ancillary process should be available here without further notice.

Subdivision (6).

Adherence to the practice of return days seems unsatisfactory. The practice varies significantly from district to district. A uniform rule should be provided so that any claimant or defendant can readily determine when he is required to file or serve a claim or answer.

A virtue of the return-day practice is that it requires claimants to come forward and identify themselves at an early stage of the proceedings—before they could fairly be required to answer. The draft is designed to preserve this feature of the present practice by requiring early filing of the claim. The time schedule contemplated in the draft is closely comparable to the present practice in the Southern District of New York, where the claimant has a minimum of 8 days to claim and three weeks thereafter to answer.

This rule also incorporates the substance of Admiralty Rule 25. Rule's emphasis on "the true and bona fide owner" is omitted, since anyone having the right to possession can claim (2 Benedict §324).

### NOTES OF ADVISORY COMMITTEE ON RULES—1985 AMENDMENT

Rule C(3) has been amended to provide for judicial scrutiny before the issuance of any warrant of arrest. Its purpose is to eliminate any doubt as to the rule's constitutionality under the *Sniadach* line of cases. *Sniadach v. Family Finance Corp.*, 395 U.S. 337 (1969); *Fuentes v. Shevin*, 407 U.S. 67 (1972); *Mitchell v. W. T. Grant Co.*, 416 U.S. 600 (1974); and *North Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601 (1975). This was thought desirable even though both the Fourth and the Fifth Circuits have upheld the existing rule. *Amstar Corp. v. S/S Alexandros T.*, 664 F.2d 904 (4th Cir. 1981); *Merchants National Bank of Mobile v. The Dredge General G. L. Gillespie*, 663 F.2d 1338 (5th Cir. 1981), *cert. dismissed*, 456 U.S. 966 (1982). A contrary view was taken by Judge Tate in the *Merchants National Bank* case and by the district court in *Alyeska Pipeline Service Co. v. The Vessel Bay Ridge*, 509 F. Supp. 1115 (D. Alaska 1981), *appeal dismissed*, 703 F.2d 381 (9th Cir. 1983).

The rule envisions that the order will issue upon a prima facie showing that the plaintiff has an action in rem against the defendant in the amount sued for and that the property is within the district. A simple order with conclusory findings is contemplated. The reference to review by the "court" is broad enough to embrace a magistrate as well as a district judge.

The new provision recognizes that in some situations, such as when a judge is unavailable and the vessel is about to depart from the jurisdiction, it will be impracticable, if not impossible, to secure the judicial review contemplated by Rule C(3). When "exigent circumstances" exist, the rule enables the plaintiff to secure the issuance of the summons and warrant of arrest, subject to a later showing that the necessary circumstances actually existed. This provision is intended to provide a safety valve without undermining the requirement of pre-arrest scrutiny. Thus, every effort to secure judicial review, including conducting a hearing by telephone, should be pursued before invoking the exigent-circumstances procedure.

The foregoing requirements for prior court review or proof of exigent circumstances do not apply to actions

by the United States for forfeitures for federal statutory violations. In such actions a prompt hearing is not constitutionally required, *United States v. Eight Thousand Eight Hundred and Fifty Dollars*, 103 S.Ct. 2005 (1983); *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663 (1974), and could prejudice the government in its prosecution of the claimants as defendants in parallel criminal proceedings since the forfeiture hearing could be misused by the defendants to obtain by way of civil discovery information to which they would not otherwise be entitled and subject the government and the courts to the unnecessary burden and expense of two hearings rather than one.

### NOTES OF ADVISORY COMMITTEE ON RULES—1987 AMENDMENT

The amendments are technical. No substantive change is intended.

### NOTES OF ADVISORY COMMITTEE ON RULES—1991 AMENDMENT

These amendments are designed to conform the rule to Fed.R.Civ.P. 4, as amended. As with recent amendments to Rule 4, it is intended to relieve the Marshals Service of the burden of using its limited personnel and facilities for execution of process in routine circumstances. Doing so may involve a contractual arrangement with a person or organization retained by the government to perform these services, or the use of other government officers and employees, or the special appointment by the court of persons available to perform suitably.

The seizure of a vessel, with or without cargo, remains a task assigned to the Marshal. Successful arrest of a vessel frequently requires the enforcement presence of an armed government official and the cooperation of the United States Coast Guard and other governmental authorities. If the marshal is called upon to seize the vessel, it is expected that the same officer will also be responsible for the seizure of any property on board the vessel at the time of seizure that is to be the object of arrest or attachment.

### COMMITTEE NOTES ON RULES—2000 AMENDMENT

Style changes have been made throughout the revised portions of Rule C. Several changes of meaning have been made as well.

*Subdivision 2.* In rem jurisdiction originally extended only to property within the judicial district. Since 1986, Congress has enacted a number of jurisdictional and venue statutes for forfeiture and criminal matters that in some circumstances permit a court to exercise authority over property outside the district. 28 U.S.C. §1355(b)(1) allows a forfeiture action in the district where an act or omission giving rise to forfeiture occurred, or in any other district where venue is established by §1395 or by any other statute. Section 1355(b)(2) allows an action to be brought as provided in (b)(1) or in the United States District Court for the District of Columbia when the forfeiture property is located in a foreign country or has been seized by authority of a foreign government. Section 1355(d) allows a court with jurisdiction under §1355(b) to cause service in any other district of process required to bring the forfeiture property before the court. Section 1395 establishes venue of a civil proceeding for forfeiture in the district where the forfeiture accrues or the defendant is found; in any district where the property is found; in any district into which the property is brought, if the property initially is outside any judicial district; or in any district where the vessel is arrested if the proceeding is an admiralty proceeding to forfeit a vessel. Section 1395(e) deals with a vessel or cargo entering a port of entry closed by the President, and transportation to or from a state or section declared to be in insurrection. 18 U.S.C. §981(h) creates expanded jurisdiction and venue over property located elsewhere that is related to a criminal prosecution pending in the district. These amendments, and related amendments of Rule E(3),

bring these Rules into step with the new statutes. No change is made as to admiralty and maritime proceedings that do not involve a forfeiture governed by one of the new statutes.

Subdivision (2) has been separated into lettered paragraphs to facilitate understanding.

*Subdivision (3).* Subdivision (3) has been rearranged and divided into lettered paragraphs to facilitate understanding.

Paragraph (b)(i) is amended to make it clear that any supplemental process addressed to a vessel or tangible property on board a vessel, as well as the original warrant, is to be served by the marshal.

*Subdivision (4).* Subdivision (4) has required that public notice state the time for filing an answer, but has not required that the notice set out the earlier time for filing a statement of interest or claim. The amendment requires that both times be stated.

A new provision is added, allowing termination of publication if the property is released more than 10 days after execution but before publication is completed. Termination will save money, and also will reduce the risk of confusion as to the status of the property.

*Subdivision (6).* Subdivision (6) has applied a single set of undifferentiated provisions to civil forfeiture proceedings and to in rem admiralty proceedings. Because some differences in procedure are desirable, these proceedings are separated by adopting a new paragraph (a) for civil forfeiture proceedings and recasting the present rule as paragraph (b) for in rem admiralty proceedings. The provision for interrogatories and answers is carried forward as paragraph (c). Although this established procedure for serving interrogatories with the complaint departs from the general provisions of Civil Rule 26(d), the special needs of expedition that often arise in admiralty justify continuing the practice.

Both paragraphs (a) and (b) require a statement of interest or right rather than the "claim" formerly required. The new wording permits parallel drafting, and facilitates cross-references in other rules. The substantive nature of the statement remains the same as the former claim. The requirements of (a) and (b) are, however, different in some respects.

In a forfeiture proceeding governed by paragraph (a), a statement must be filed by a person who asserts an interest in or a right against the property involved. This category includes every right against the property, such as a lien, whether or not it establishes ownership or a right to possession. In determining who has an interest in or a right against property, courts may continue to rely on precedents that have developed the meaning of "claims" or "claimants" for the purpose of civil forfeiture proceedings.

In an admiralty and maritime proceeding governed by paragraph (b), a statement is filed only by a person claiming a right of possession or ownership. Other claims against the property are advanced by intervention under Civil Rule 24, as it may be supplemented by local admiralty rules. The reference to ownership includes every interest that qualifies as ownership under domestic or foreign law. If an ownership interest is asserted, it makes no difference whether its character is legal, equitable, or something else.

Paragraph (a) provides more time than paragraph (b) for filing a statement. Admiralty and maritime in rem proceedings often present special needs for prompt action that do not commonly arise in forfeiture proceedings.

Paragraphs (a) and (b) do not limit the right to make a restricted appearance under Rule E(8).

### COMMITTEE NOTES ON RULES—2002 AMENDMENT

Rule C(3) is amended to reflect the provisions of 18 U.S.C. §985, enacted by the Civil Asset Forfeiture Reform Act of 2000, 114 Stat. 202, 214–215. Section 985 provides, subject to enumerated exceptions, that real property that is the subject of a civil forfeiture action is not to be seized until an order of forfeiture is entered. A civil forfeiture action is initiated by filing a com-

plaint, posting notice, and serving notice on the property owner. The summons and arrest procedure is no longer appropriate.

Rule C(6)(a)(i)(A) is amended to adopt the provision enacted by 18 U.S.C. §983(a)(4)(A), shortly before Rule C(6)(a)(i)(A) took effect, that sets the time for filing a verified statement as 30 days rather than 20 days, and that sets the first alternative event for measuring the 30 days as the date of service of the Government's complaint.

Rule C(6)(a)(iii) is amended to give notice of the provision enacted by 18 U.S.C. §983(a)(4)(B) that requires that the answer in a forfeiture proceeding be filed within 20 days. Without this notice, unwary litigants might rely on the provision of Rule 5(d) that allows a reasonable time for filing after service.

Rule C(6)(b)(iv) is amended to change the requirement that an answer be filed within 20 days to a requirement that it be served within 20 days. Service is the ordinary requirement, as in Rule 12(a). Rule 5(d) requires filing within a reasonable time after service.

*Changes Made After Publication and Comments.* No changes have been made since publication.

### COMMITTEE NOTES ON RULES—2005 AMENDMENT

Rule C(6)(b)(i)(A) is amended to delete the reference to a time 10 days after completed publication under Rule C(4). This change corrects an oversight in the amendments made in 2000. Rule C(4) requires publication of notice only if the property that is the subject of the action is not released within 10 days after execution of process. Execution of process will always be earlier than publication.

*Changes Made After Publication and Comment.* No changes have been made since publication.

### COMMITTEE NOTES ON RULES—2006 AMENDMENT

Rule C is amended to reflect the adoption of Rule G to govern procedure in civil forfeiture actions.

### COMMITTEE NOTES ON RULES—2008 AMENDMENT

Supplemental Rule C(6)(a)(i) is amended to correct an inadvertent omission in the 2006 amendment to Rule C. The amendment is technical and stylistic in nature. No substantive change is intended.

### COMMITTEE NOTES ON RULES—2009 AMENDMENT

The times set in the former rule at 10 or 20 days have been revised to 14 and 21 days. See the Note to Rule 6.

## Rule D. Possessory, Petitory, and Partition Actions

In all actions for possession, partition, and to try title maintainable according to the course of the admiralty practice with respect to a vessel, in all actions so maintainable with respect to the possession of cargo or other maritime property, and in all actions by one or more part owners against the others to obtain security for the return of the vessel from any voyage undertaken without their consent, or by one or more part owners against the others to obtain possession of the vessel for any voyage on giving security for its safe return, the process shall be by a warrant of arrest of the vessel, cargo, or other property, and by notice in the manner provided by Rule B(2) to the adverse party or parties.

(As added Feb. 28, 1966, eff. July 1, 1966.)

### NOTES OF ADVISORY COMMITTEE ON RULES

This carries forward the substance of Admiralty Rule 19.

Rule 19 provided the remedy of arrest in controversies involving title and possession in general. See *The Tilton,* 23 Fed. Cas. 1277 (No. 14, 054) (C.C.D. Mass. 1830).

In addition it provided that remedy in controversies between co-owners respecting the employment of a vessel. It did not deal comprehensively with controversies between co-owners, omitting the remedy of partition. Presumably the omission is traceable to the fact that, when the rules were originally promulgated, concepts of substantive law (sometimes stated as concepts of jurisdiction) denied the remedy of partition except where the parties in disagreement were the owners of equal shares. See The Steamboat Orleans, 36 U.S. (11 Pet.) 175 (1837). The Supreme Court has now removed any doubt as to the jurisdiction of the district courts to partition a vessel, and has held in addition that no fixed principle of federal admiralty law limits the remedy to the case of equal shares. *Madruga v. Superior Court,* 346 U.S. 556 (1954). It is therefore appropriate to include a reference to partition in the rule.

## Rule E. Actions in Rem and Quasi in Rem: General Provisions

(1) APPLICABILITY. Except as otherwise provided, this rule applies to actions in personam with process of maritime attachment and garnishment, actions in rem and petitory, possessory, and partition actions, supplementing Rules B, C, and D.

(2) COMPLAINT; SECURITY.

(a) *Complaint.* In actions to which this rule is applicable the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading.

(b) *Security for Costs.* Subject to the provisions of Rule 54(d) and of relevant statutes, the court may, on the filing of the complaint or on the appearance of any defendant, claimant, or any other party, or at any later time, require the plaintiff, defendant, claimant, or other party to give security, or additional security, in such sum as the court shall direct to pay all costs and expenses that shall be awarded against the party by any interlocutory order or by the final judgment, or on appeal by any appellate court.

(3) PROCESS.

(a) In admiralty and maritime proceedings process in rem or of maritime attachment and garnishment may be served only within the district.

(b) *Issuance and Delivery.* Issuance and delivery of process in rem, or of maritime attachment and garnishment, shall be held in abeyance if the plaintiff so requests.

(4) EXECUTION OF PROCESS; MARSHAL'S RETURN; CUSTODY OF PROPERTY; PROCEDURES FOR RELEASE.

(a) *In General.* Upon issuance and delivery of the process, or, in the case of summons with process of attachment and garnishment, when it appears that the defendant cannot be found within the district, the marshal or other person or organization having a warrant shall forthwith execute the process in accordance with this subdivision (4), making due and prompt return.

(b) *Tangible Property.* If tangible property is to be attached or arrested, the marshal or other person or organization having the warrant shall take it into the marshal's possession for safe custody. If the character or situation of the property is such that the taking of actual possession is impracticable, the marshal or other person executing the process shall affix a copy thereof to the property in a conspicuous place and leave a copy of the complaint and process with the person having possession or the person's agent. In furtherance of the marshal's custody of any vessel the marshal is authorized to make a written request to the collector of customs not to grant clearance to such vessel until notified by the marshal or deputy marshal or by the clerk that the vessel has been released in accordance with these rules.

(c) *Intangible Property.* If intangible property is to be attached or arrested the marshal or other person or organization having the warrant shall execute the process by leaving with the garnishee or other obligor a copy of the complaint and process requiring the garnishee or other obligor to answer as provided in Rules B(3)(a) and C(6); or the marshal may accept for payment into the registry of the court the amount owed to the extent of the amount claimed by the plaintiff with interest and costs, in which event the garnishee or other obligor shall not be required to answer unless alias process shall be served.

(d) *Directions With Respect to Property in Custody.* The marshal or other person or organization having the warrant may at any time apply to the court for directions with respect to property that has been attached or arrested, and shall give notice of such application to any or all of the parties as the court may direct.

(e) *Expenses of Seizing and Keeping Property; Deposit.* These rules do not alter the provisions of Title 28, U.S.C., §1921, as amended, relative to the expenses of seizing and keeping property attached or arrested and to the requirement of deposits to cover such expenses.

(f) *Procedure for Release From Arrest or Attachment.* Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules. This subdivision shall have no application to suits for seamen's wages when process is issued upon a certification of sufficient cause filed pursuant to Title 46, U.S.C. §§603 and 604[1] or to actions by the United States for forfeitures for violation of any statute of the United States.

(5) RELEASE OF PROPERTY.

(a) *Special Bond.* Whenever process of maritime attachment and garnishment or process in rem is issued the execution of such process shall be stayed, or the property released, on the giving of security, to be approved by the court or clerk, or by stipulation of the parties, conditioned to answer the judgment of the court or of any appellate court. The parties may stipulate the amount and nature of such security. In the event of the inability or re-

---

[1] See References in Text note below.

fusal of the parties so to stipulate the court shall fix the principal sum of the bond or stipulation at an amount sufficient to cover the amount of the plaintiff's claim fairly stated with accrued interest and costs; but the principal sum shall in no event exceed (i) twice the amount of the plaintiff's claim or (ii) the value of the property on due appraisement, whichever is smaller. The bond or stipulation shall be conditioned for the payment of the principal sum and interest thereon at 6 per cent per annum.

(b) *General Bond.* The owner of any vessel may file a general bond or stipulation, with sufficient surety, to be approved by the court, conditioned to answer the judgment of such court in all or any actions that may be brought thereafter in such court in which the vessel is attached or arrested. Thereupon the execution of all such process against such vessel shall be stayed so long as the amount secured by such bond or stipulation is at least double the aggregate amount claimed by plaintiffs in all actions begun and pending in which such vessel has been attached or arrested. Judgments and remedies may be had on such bond or stipulation as if a special bond or stipulation had been filed in each of such actions. The district court may make necessary orders to carry this rule into effect, particularly as to the giving of proper notice of any action against or attachment of a vessel for which a general bond has been filed. Such bond or stipulation shall be indorsed by the clerk with a minute of the actions wherein process is so stayed. Further security may be required by the court at any time.

If a special bond or stipulation is given in a particular case, the liability on the general bond or stipulation shall cease as to that case.

(c) *Release by Consent or Stipulation; Order of Court or Clerk; Costs.* Any vessel, cargo, or other property in the custody of the marshal or other person or organization having the warrant may be released forthwith upon the marshal's acceptance and approval of a stipulation, bond, or other security, signed by the party on whose behalf the property is detained or the party's attorney and expressly authorizing such release, if all costs and charges of the court and its officers shall have first been paid. Otherwise no property in the custody of the marshal, other person or organization having the warrant, or other officer of the court shall be released without an order of the court; but such order may be entered as of course by the clerk, upon the giving of approved security as provided by law and these rules, or upon the dismissal or discontinuance of the action; but the marshal or other person or organization having the warrant shall not deliver any property so released until the costs and charges of the officers of the court shall first have been paid.

(d) *Possessory, Petitory, and Partition Actions.* The foregoing provisions of this subdivision (5) do not apply to petitory, possessory, and partition actions. In such cases the property arrested shall be released only by order of the court, on such terms and conditions and on the giving of such security as the court may require.

(6) REDUCTION OR IMPAIRMENT OF SECURITY. Whenever security is taken the court may, on motion and hearing, for good cause shown, reduce the amount of security given; and if the surety shall be or become insufficient, new or additional sureties may be required on motion and hearing.

(7) SECURITY ON COUNTERCLAIM.

(a) When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court, for cause shown, directs otherwise. Proceedings on the original claim must be stayed until this security is given, unless the court directs otherwise.

(b) The plaintiff is required to give security under Rule E(7)(a) when the United States or its corporate instrumentality counterclaims and would have been required to give security to respond in damages if a private party but is relieved by law from giving security.

(8) RESTRICTED APPEARANCE. An appearance to defend against an admiralty and maritime claim with respect to which there has issued process in rem, or process of attachment and garnishment, may be expressly restricted to the defense of such claim, and in that event is not an appearance for the purposes of any other claim with respect to which such process is not available or has not been served.

(9) DISPOSITION OF PROPERTY; SALES.

(a) *Interlocutory Sales; Delivery.*

(i) On application of a party, the marshal, or other person having custody of the property, the court may order all or part of the property sold—with the sales proceeds, or as much of them as will satisfy the judgment, paid into court to await further orders of the court—if:

(A) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action;

(B) the expense of keeping the property is excessive or disproportionate; or

(C) there is an unreasonable delay in securing release of the property.

(ii) In the circumstances described in Rule E(9)(a)(i), the court, on motion by a defendant or a person filing a statement of interest or right under Rule C(6), may order that the property, rather than being sold, be delivered to the movant upon giving security under these rules.

(b) *Sales, Proceeds.* All sales of property shall be made by the marshal or a deputy marshal, or by other person or organization having the warrant, or by any other person assigned by the court where the marshal or other person or organization having the warrant is a party in interest; and the proceeds of sale shall be forthwith paid into the registry of the court to be disposed of according to law.

(10) PRESERVATION OF PROPERTY. When the owner or another person remains in possession

of property attached or arrested under the provisions of Rule E(4)(b) that permit execution of process without taking actual possession, the court, on a party's motion or on its own, may enter any order necessary to preserve the property and to prevent its removal.

(As added Feb. 28, 1966, eff. July 1, 1966; amended Apr. 29, 1985, eff. Aug. 1, 1985; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 1991, eff. Dec. 1, 1991; Apr. 17, 2000, eff. Dec. 1, 2000; Apr. 12, 2006, eff. Dec. 1, 2006.)

### NOTES OF ADVISORY COMMITTEE ON RULES

Subdivisions (1), (2).

Adapted from Admiralty Rule 24. The rule is based on the assumption that there is no more need for security for costs in maritime personal actions than in civil cases generally, but that there is reason to retain the requirement for actions in which property is seized. As to proceedings for limitation of liability see Rule F(1).

Subdivision (3).

The Advisory Committee has concluded for practical reasons that process requiring seizure of property should continue to be served only within the geographical limits of the district. Compare Rule B(1), continuing the condition that process of attachment and garnishment may be served only if the defendant is not found within the district.

The provisions of Admiralty Rule 1 concerning the persons by whom process is to be served will be superseded by FRCP 4(c).

Subdivision (4).

This rule is intended to preserve the provisions of Admiralty Rules 10 and 36 relating to execution of process, custody of property, seized by the marshal, and the marshal's return. It is also designed to make express provision for matters not heretofore covered.

The provision relating to clearance in subdivision (b) is suggested by Admiralty Rule 44 of the District of Maryland.

Subdivision (d) is suggested by English Rule 12, Order 75.

28 U.S.C. §1921 as amended in 1962 contains detailed provisions relating to the expenses of seizing and preserving property attached or arrested.

Subdivision (5).

In addition to Admiralty Rule 11 (see Rule E(9)), the release of property seized on process of attachment or in rem was dealt with by Admiralty Rules 5, 6, 12, and 57, and 28 U.S.C., §2464 (formerly Rev. Stat. §941). The rule consolidates these provisions and makes them uniformly applicable to attachment and garnishment and actions in rem.

The rule restates the substance of Admiralty Rule 5. Admiralty Rule 12 dealt only with ships arrested on in rem process. Since the same ground appears to be covered more generally by 28 U.S.C., §2464, the subject matter of Rule 12 is omitted. The substance of Admiralty Rule 57 is retained. 28 U.S.C., §2464 is incorporated with changes of terminology, and with a substantial change as to the amount of the bond. See 2 Benedict 395 n. 1a; *The Lotosland*, 2 F. Supp. 42 (S.D.N.Y. 1933). The provision for general bond is enlarged to include the contingency of attachment as well as arrest of the vessel.

Subdivision (6).

Adapted from Admiralty Rule 8.

Subdivision (7).

Derived from Admiralty Rule 50.

Title 46, U.S.C., §783 extends the principle of Rule 50 to the Government when sued under the Public Vessels Act, presumably on the theory that the credit of the Government is the equivalent of the best security. The rule adopts this principle and extends it to all cases in which the Government is defendant although the Suits in Admiralty Act contains no parallel provisions.

Subdivision (8).

Under the liberal joinder provisions of unified rules the plaintiff will be enabled to join with maritime actions in rem, or maritime actions in personam with process of attachment and garnishment, claims with respect to which such process is not available, including nonmaritime claims. Unification should not, however, have the result that, in order to defend against an admiralty and maritime claim with respect to which process in rem or quasi in rem has been served, the claimant or defendant must subject himself personally to the jurisdiction of the court with reference to other claims with respect to which such process is not available or has not been served, especially when such other claims are nonmaritime. So far as attachment and garnishment are concerned this principle holds true whether process is issued according to admiralty tradition and the Supplemental Rules or according to Rule 4(e) as incorporated by Rule B(1).

A similar problem may arise with respect to civil actions other than admiralty and maritime claims within the meaning of Rule 9(h). That is to say, in an ordinary civil action, whether maritime or not, there may be joined in one action claims with respect to which process of attachment and garnishment is available under state law and Rule 4(e) and claims with respect to which such process is not available or has not been served. The general Rules of Civil Procedure do not specify whether an appearance in such cases to defend the claim with respect to which process of attachment and garnishment has issued is an appearance for the purposes of other claims. In that context the question has been considered best left to case-by-case development. Where admiralty and maritime claims within the meaning of Rule 9(h) are concerned, however, it seems important to include a specific provision to avoid an unfortunate and unintended effect of unification. No inferences whatever as to the effect of such an appearance in an ordinary civil action should be drawn from the specific provision here and the absence of such a provision in the general rules.

Subdivision (9).

Adapted from Admiralty Rules 11, 12, and 40. Subdivision (a) is necessary because of various provisions as to disposition of property in forfeiture proceedings. In addition to particular statutes, note the provisions of 28 U.S.C., §§2461–65.

The provision of Admiralty Rule 12 relating to unreasonable delay was limited to ships but should have broader application. See 2 Benedict 404. Similarly, both Rules 11 and 12 were limited to actions in rem, but should equally apply to attached property.

### NOTES OF ADVISORY COMMITTEE ON RULES—1985 AMENDMENT

Rule E(4)(f) makes available the type of prompt post-seizure hearing in proceedings under Supplemental Rules B and C that the Supreme Court has called for in a number of cases arising in other contexts. See *North Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601 (1975); *Mitchell v. W. T. Grant Co.*, 416 U.S. 600 (1974). Although post-attachment and post-arrest hearings always have been available on motion, an explicit statement emphasizing promptness and elaborating the procedure has been lacking in the Supplemental Rules. Rule E(4)(f) is designed to satisfy the constitutional requirement of due process by guaranteeing to the shipowner [sic] a prompt post-seizure hearing at which he can attack the complaint, the arrest, the security demanded, or any other alleged deficiency in the proceedings. The amendment also is intended to eliminate the previously disparate treatment under local rules of defendants whose property has been seized pursuant to Supplemental Rules B and C.

The new Rule E(4)(f) is based on a proposal by the Maritime Law Association of the United States and on

local admiralty rules in the Eastern, Northern, and Southern Districts of New York. E.D.N.Y. Local Rule 13; N.D.N.Y. Local Rule 13; S.D.N.Y. Local Rule 12. Similar provisions have been adopted by other maritime districts. E.g., N.D. Calif. Local Rule 603.4; W.D. La. Local Admiralty Rule 21. Rule E(4)(f) will provide uniformity in practice and reduce constitutional uncertainties.

Rule E(4)(f) is triggered by the defendant or any other person with an interest in the property seized. Upon an oral or written application similar to that used in seeking a temporary restraining order, see Rule 65(b), the court is required to hold a hearing as promptly as possible to determine whether to allow the arrest or attachment to stand. The plaintiff has the burden of showing why the seizure should not be vacated. The hearing also may determine the amount of security to be granted or the propriety of imposing counter-security to protect the defendant from an improper seizure.

The foregoing requirements for prior court review or proof of exigent circumstances do not apply to actions by the United States for forfeitures for federal statutory violations. In such actions a prompt hearing is not constitutionally required, *United States v. Eight Thousand Eight Hundred and Fifty Dollars*, 103 S.Ct. 2005 (1983); *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663 (1974), and could prejudice the government in its prosecution of the claimants as defendants in parallel criminal proceedings since the forfeiture hearing could be misused by the defendants to obtain by way of civil discovery information to which they would not otherwise be entitled and subject the government and the courts to the unnecessary burden and expense of two hearings rather than one.

NOTES OF ADVISORY COMMITTEE ON RULES—1987 AMENDMENT

The amendments are technical. No substantive change is intended.

NOTES OF ADVISORY COMMITTEE ON RULES—1991 AMENDMENT

These amendments are designed to conform this rule to Fed.R.Civ.P. 4, as amended. They are intended to relieve the Marshals Service of the burden of using its limited personnel and facilities for execution of process in routine circumstances. Doing so may involve a contractual arrangement with a person or organization retained by the government to perform these services, or the use of other government officers and employees, or the special appointment by the court of persons available to perform suitably.

COMMITTEE NOTES ON RULES—2000 AMENDMENT

Style changes have been made throughout the revised portions of Rule E. Several changes of meaning have been made as well.

*Subdivision (3).* Subdivision (3) is amended to reflect the distinction drawn in Rule C(2)(c) and (d). Service in an admiralty or maritime proceeding still must be made within the district, as reflected in Rule C(2)(c), while service in forfeiture proceedings may be made outside the district when authorized by statute, as reflected in Rule C(2)(d).

*Subdivision (7).* Subdivision (7)(a) is amended to make it clear that a plaintiff need give security to meet a counterclaim only when the counterclaim is asserted by a person who has given security to respond in damages in the original action.

*Subdivision (8).* Subdivision (8) is amended to reflect the change in Rule B(1)(e) that deletes the former provision incorporating state quasi-in-rem jurisdiction. A restricted appearance is not appropriate when state law is invoked only for security under Civil Rule 64, not as a basis of quasi-in-rem jurisdiction. But if state law allows a special, limited, or restricted appearance as an incident of the remedy adopted from state law, the state practice applies through Rule 64 "in the manner provided by" state law.

*Subdivision (9).* Subdivision 9(b)(ii) is amended to reflect the change in Rule C(6) that substitutes a statement of interest or right for a claim.

*Subdivision (10).* Subdivision 10 is new. It makes clear the authority of the court to preserve and to prevent removal of attached or arrested property that remains in the possession of the owner or other person under Rule E(4)(b).

COMMITTEE NOTES ON RULES—2006 AMENDMENT

Rule E is amended to reflect the adoption of Rule G to govern procedure in civil forfeiture actions.

REFERENCES IN TEXT

Sections 603 and 604 of Title 46, referred to in subd. (4)(f), were repealed by Pub. L. 98–89, §4(b), Aug. 26, 1983, 97 Stat. 600, section 1 of which enacted Title 46, Shipping.

## Rule F. Limitation of Liability

(1) TIME FOR FILING COMPLAINT; SECURITY. Not later than six months after receipt of a claim in writing, any vessel owner may file a complaint in the appropriate district court, as provided in subdivision (9) of this rule, for limitation of liability pursuant to statute. The owner (a) shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or approved security therefor, and in addition such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of the statutes as amended; or (b) at the owner's option shall transfer to a trustee to be appointed by the court, for the benefit of claimants, the owner's interest in the vessel and pending freight, together with such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of the statutes as amended. The plaintiff shall also give security for costs and, if the plaintiff elects to give security, for interest at the rate of 6 percent per annum from the date of the security.

(2) COMPLAINT. The complaint shall set forth the facts on the basis of which the right to limit liability is asserted and all facts necessary to enable the court to determine the amount to which the owner's liability shall be limited. The complaint may demand exoneration from as well as limitation of liability. It shall state the voyage if any, on which the demands sought to be limited arose, with the date and place of its termination; the amount of all demands including all unsatisfied liens or claims of lien, in contract or in tort or otherwise, arising on that voyage, so far as known to the plaintiff, and what actions and proceedings, if any, are pending thereon; whether the vessel was damaged, lost, or abandoned, and, if so, when and where; the value of the vessel at the close of the voyage or, in case of wreck, the value of her wreckage, strippings, or proceeds, if any, and where and in whose possession they are; and the amount of any pending freight recovered or recoverable. If the plaintiff elects to transfer the plaintiff's interest in the vessel to a trustee, the complaint must further show any prior paramount liens thereon, and what voyages or trips, if any, she has made since the voyage or trip on which the claims sought to be limited arose, and any existing liens arising upon any such subsequent voy-

age or trip, with the amounts and causes thereof, and the names and addresses of the lienors, so far as known; and whether the vessel sustained any injury upon or by reason of such subsequent voyage or trip.

(3) CLAIMS AGAINST OWNER; INJUNCTION. Upon compliance by the owner with the requirements of subdivision (1) of this rule all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease. On application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action.

(4) NOTICE TO CLAIMANTS. Upon the owner's compliance with subdivision (1) of this rule the court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose. In cases involving death a copy of such notice shall be mailed to the decedent at the decedent's last known address, and also to any person who shall be known to have made any claim on account of such death.

(5) CLAIMS AND ANSWER. Claims shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this rule. Each claim shall specify the facts upon which the claimant relies in support of the claim, the items thereof, and the dates on which the same accrued. If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer.

(6) INFORMATION TO BE GIVEN CLAIMANTS. Within 30 days after the date specified in the notice for filing claims, or within such time as the court thereafter may allow, the plaintiff shall mail to the attorney for each claimant (or if the claimant has no attorney to the claimant) a list setting forth (a) the name of each claimant, (b) the name and address of the claimant's attorney (if the claimant is known to have one), (c) the nature of the claim, i.e., whether property loss, property damage, death, personal injury etc., and (d) the amount thereof.

(7) INSUFFICIENCY OF FUND OR SECURITY. Any claimant may by motion demand that the funds deposited in court or the security given by the plaintiff be increased on the ground that they are less than the value of the plaintiff's interest in the vessel and pending freight. Thereupon the court shall cause due appraisement to be made of the value of the plaintiff's interest in the vessel and pending freight; and if the court finds that the deposit or security is either insufficient or excessive it shall order its increase or reduction. In like manner any claimant may demand that the deposit or security be increased on the ground that it is insufficient to carry out the provisions of the statutes relating to claims in respect of loss of life or bodily injury; and, after notice and hearing, the court may similarly order that the deposit or security be increased or reduced.

(8) OBJECTIONS TO CLAIMS: DISTRIBUTION OF FUND. Any interested party may question or controvert any claim without filing an objection thereto. Upon determination of liability the fund deposited or secured, or the proceeds of the vessel and pending freight, shall be divided pro rata, subject to all relevant provisions of law, among the several claimants in proportion to the amounts of their respective claims, duly proved, saving, however, to all parties any priority to which they may be legally entitled.

(9) VENUE; TRANSFER. The complaint shall be filed in any district in which the vessel has been attached or arrested to answer for any claim with respect to which the plaintiff seeks to limit liability; or, if the vessel has not been attached or arrested, then in any district in which the owner has been sued with respect to any such claim. When the vessel has not been attached or arrested to answer the matters aforesaid, and suit has not been commenced against the owner, the proceedings may be had in the district in which the vessel may be, but if the vessel is not within any district and no suit has been commenced in any district, then the complaint may be filed in any district. For the convenience of parties and witnesses, in the interest of justice, the court may transfer the action to any district; if venue is wrongly laid the court shall dismiss or, if it be in the interest of justice, transfer the action to any district in which it could have been brought. If the vessel shall have been sold, the proceeds shall represent the vessel for the purposes of these rules.

(As added Feb. 28, 1966, eff. July 1, 1966; amended Mar. 2, 1987, eff. Aug. 1, 1987.)

NOTES OF ADVISORY COMMITTEE ON RULES

Subdivision (1).

The amendments of 1936 to the Limitation Act superseded to some extent the provisions of Admiralty Rule 51, especially with respect to the time of filing the complaint and with respect to security. The rule here incorporates in substance the 1936 amendment of the Act (46 U.S.C., §185) with a slight modification to make it clear that the complaint may be filed at any time not later than six months after a claim has been lodged with the owner.

Subdivision (2).

Derived from Admiralty Rules 51 and 53.

Subdivision (3).

This is derived from the last sentence of 36 [46] U.S.C. §185 and the last paragraph of Admiralty Rule 51.

Subdivision (4).

Derived from Admiralty Rule 51.

Subdivision (5).

Derived from Admiralty Rules 52 and 53.

Subdivision (6).

Derived from Admiralty Rule 52.

Subdivision (7).

Derived from Admiralty Rules 52 and 36 [46] U.S.C., §185.

Subdivision (8).

Derived from Admiralty Rule 52.

Subdivision (8).

Derived from Admiralty Rule 54. The provision for transfer is revised to conform closely to the language of 28 U.S.C. §§1404(a) and 1406(a), though it retains the existing rule's provision for transfer to any district for convenience. The revision also makes clear what has been doubted: that the court may transfer if venue is wrongly laid.

NOTES OF ADVISORY COMMITTEE ON RULES—1987
AMENDMENT

The amendments are technical. No substantive change is intended.

## Rule G. Forfeiture Actions in Rem

(1) SCOPE. This rule governs a forfeiture action in rem arising from a federal statute. To the extent that this rule does not address an issue, Supplemental Rules C and E and the Federal Rules of Civil Procedure also apply.

(2) COMPLAINT. The complaint must:

(a) be verified;

(b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue;

(c) describe the property with reasonable particularity;

(d) if the property is tangible, state its location when any seizure occurred and—if different—its location when the action is filed;

(e) identify the statute under which the forfeiture action is brought; and

(f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

(3) JUDICIAL AUTHORIZATION AND PROCESS.

(a) *Real Property.* If the defendant is real property, the government must proceed under 18 U.S.C. §985.

(b) *Other Property; Arrest Warrant.* If the defendant is not real property:

(i) the clerk must issue a warrant to arrest the property if it is in the government's possession, custody, or control;

(ii) the court—on finding probable cause—must issue a warrant to arrest the property if it is not in the government's possession, custody, or control and is not subject to a judicial restraining order; and

(iii) a warrant is not necessary if the property is subject to a judicial restraining order.

(c) *Execution of Process.*

(i) The warrant and any supplemental process must be delivered to a person or organization authorized to execute it, who may be: (A) a marshal or any other United States officer or employee; (B) someone under contract with the United States; or (C) someone specially appointed by the court for that purpose.

(ii) The authorized person or organization must execute the warrant and any supple-mental process on property in the United States as soon as practicable unless:

(A) the property is in the government's possession, custody, or control; or

(B) the court orders a different time when the complaint is under seal, the action is stayed before the warrant and supplemental process are executed, or the court finds other good cause.

(iii) The warrant and any supplemental process may be executed within the district or, when authorized by statute, outside the district.

(iv) If executing a warrant on property outside the United States is required, the warrant may be transmitted to an appropriate authority for serving process where the property is located.

(4) NOTICE.

(a) *Notice by Publication.*

(i) *When Publication Is Required.* A judgment of forfeiture may be entered only if the government has published notice of the action within a reasonable time after filing the complaint or at a time the court orders. But notice need not be published if:

(A) the defendant property is worth less than $1,000 and direct notice is sent under Rule G(4)(b) to every person the government can reasonably identify as a potential claimant; or

(B) the court finds that the cost of publication exceeds the property's value and that other means of notice would satisfy due process.

(ii) *Content of the Notice.* Unless the court orders otherwise, the notice must:

(A) describe the property with reasonable particularity;

(B) state the times under Rule G(5) to file a claim and to answer; and

(C) name the government attorney to be served with the claim and answer.

(iii) *Frequency of Publication.* Published notice must appear:

(A) once a week for three consecutive weeks; or

(B) only once if, before the action was filed, notice of nonjudicial forfeiture of the same property was published on an official internet government forfeiture site for at least 30 consecutive days, or in a newspaper of general circulation for three consecutive weeks in a district where publication is authorized under Rule G(4)(a)(iv).

(iv) *Means of Publication.* The government should select from the following options a means of publication reasonably calculated to notify potential claimants of the action:

(A) if the property is in the United States, publication in a newspaper generally circulated in the district where the action is filed, where the property was seized, or where property that was not seized is located;

(B) if the property is outside the United States, publication in a newspaper generally circulated in a district where the action is filed, in a newspaper generally cir-

culated in the country where the property is located, or in legal notices published and generally circulated in the country where the property is located; or

(C) instead of (A) or (B), posting a notice on an official internet government forfeiture site for at least 30 consecutive days.

(b) *Notice to Known Potential Claimants.*

(i) *Direct Notice Required.* The government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B).

(ii) *Content of the Notice.* The notice must state:

(A) the date when the notice is sent;

(B) a deadline for filing a claim, at least 35 days after the notice is sent;

(C) that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the claim; and

(D) the name of the government attorney to be served with the claim and answer.

(iii) *Sending Notice.*

(A) The notice must be sent by means reasonably calculated to reach the potential claimant.

(B) Notice may be sent to the potential claimant or to the attorney representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case.

(C) Notice sent to a potential claimant who is incarcerated must be sent to the place of incarceration.

(D) Notice to a person arrested in connection with an offense giving rise to the forfeiture who is not incarcerated when notice is sent may be sent to the address that person last gave to the agency that arrested or released the person.

(E) Notice to a person from whom the property was seized who is not incarcerated when notice is sent may be sent to the last address that person gave to the agency that seized the property.

(iv) *When Notice Is Sent.* Notice by the following means is sent on the date when it is placed in the mail, delivered to a commercial carrier, or sent by electronic mail.

(v) *Actual Notice.* A potential claimant who had actual notice of a forfeiture action may not oppose or seek relief from forfeiture because of the government's failure to send the required notice.

(5) RESPONSIVE PLEADINGS.

(a) *Filing a Claim.*

(i) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:

(A) identify the specific property claimed;

(B) identify the claimant and state the claimant's interest in the property;

(C) be signed by the claimant under penalty of perjury; and

(D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

(ii) Unless the court for good cause sets a different time, the claim must be filed:

(A) by the time stated in a direct notice sent under Rule G(4)(b);

(B) if notice was published but direct notice was not sent to the claimant or the claimant's attorney, no later than 30 days after final publication of newspaper notice or legal notice under Rule G(4)(a) or no later than 60 days after the first day of publication on an official internet government forfeiture site; or

(C) if notice was not published and direct notice was not sent to the claimant or the claimant's attorney:

(1) if the property was in the government's possession, custody, or control when the complaint was filed, no later than 60 days after the filing, not counting any time when the complaint was under seal or when the action was stayed before execution of a warrant issued under Rule G(3)(b); or

(2) if the property was not in the government's possession, custody, or control when the complaint was filed, no later than 60 days after the government complied with 18 U.S.C. §985(c) as to real property, or 60 days after process was executed on the property under Rule G(3).

(iii) A claim filed by a person asserting an interest as a bailee must identify the bailor, and if filed on the bailor's behalf must state the authority to do so.

(b) *Answer.* A claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim. A claimant waives an objection to in rem jurisdiction or to venue if the objection is not made by motion or stated in the answer.

(6) SPECIAL INTERROGATORIES.

(a) *Time and Scope.* The government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed. But if the claimant serves a motion to dismiss the action, the government must serve the interrogatories within 21 days after the motion is served.

(b) *Answers or Objections.* Answers or objections to these interrogatories must be served within 21 days after the interrogatories are served.

(c) *Government's Response Deferred.* The government need not respond to a claimant's motion to dismiss the action under Rule G(8)(b) until 21 days after the claimant has answered these interrogatories.

(7) PRESERVING, PREVENTING CRIMINAL USE, AND DISPOSING OF PROPERTY; SALES.

(a) *Preserving and Preventing Criminal Use of Property.* When the government does not have actual possession of the defendant property the court, on motion or on its own, may enter any order necessary to preserve the property,

to prevent its removal or encumbrance, or to prevent its use in a criminal offense.

(b) *Interlocutory Sale or Delivery.*

(i) *Order to Sell.* On motion by a party or a person having custody of the property, the court may order all or part of the property sold if:

(A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action;

(B) the expense of keeping the property is excessive or is disproportionate to its fair market value;

(C) the property is subject to a mortgage or to taxes on which the owner is in default; or

(D) the court finds other good cause.

(ii) *Who Makes the Sale.* A sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates.

(iii) *Sale Procedures.* The sale is governed by 28 U.S.C. §§ 2001, 2002, and 2004, unless all parties, with the court's approval, agree to the sale, aspects of the sale, or different procedures.

(iv) *Sale Proceeds.* Sale proceeds are a substitute res subject to forfeiture in place of the property that was sold. The proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action.

(v) *Delivery on a Claimant's Motion.* The court may order that the property be delivered to the claimant pending the conclusion of the action if the claimant shows circumstances that would permit sale under Rule G(7)(b)(i) and gives security under these rules.

(c) *Disposing of Forfeited Property.* Upon entry of a forfeiture judgment, the property or proceeds from selling the property must be disposed of as provided by law.

(8) MOTIONS.

(a) *Motion To Suppress Use of the Property as Evidence.* If the defendant property was seized, a party with standing to contest the lawfulness of the seizure may move to suppress use of the property as evidence. Suppression does not affect forfeiture of the property based on independently derived evidence.

(b) *Motion To Dismiss the Action.*

(i) A claimant who establishes standing to contest forfeiture may move to dismiss the action under Rule 12(b).

(ii) In an action governed by 18 U.S.C. § 983(a)(3)(D) the complaint may not be dismissed on the ground that the government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property. The sufficiency of the complaint is governed by Rule G(2).

(c) *Motion To Strike a Claim or Answer.*

(i) At any time before trial, the government may move to strike a claim or answer:

(A) for failing to comply with Rule G(5) or (6), or

(B) because the claimant lacks standing.

(ii) The motion:

(A) must be decided before any motion by the claimant to dismiss the action; and

(B) may be presented as a motion for judgment on the pleadings or as a motion to determine after a hearing or by summary judgment whether the claimant can carry the burden of establishing standing by a preponderance of the evidence.

(d) *Petition To Release Property.*

(i) If a United States agency or an agency's contractor holds property for judicial or nonjudicial forfeiture under a statute governed by 18 U.S.C. § 983(f), a person who has filed a claim to the property may petition for its release under § 983(f).

(ii) If a petition for release is filed before a judicial forfeiture action is filed against the property, the petition may be filed either in the district where the property was seized or in the district where a warrant to seize the property issued. If a judicial forfeiture action against the property is later filed in another district—or if the government shows that the action will be filed in another district—the petition may be transferred to that district under 28 U.S.C. § 1404.

(e) *Excessive Fines.* A claimant may seek to mitigate a forfeiture under the Excessive Fines Clause of the Eighth Amendment by motion for summary judgment or by motion made after entry of a forfeiture judgment if:

(i) the claimant has pleaded the defense under Rule 8; and

(ii) the parties have had the opportunity to conduct civil discovery on the defense.

(9) TRIAL. Trial is to the court unless any party demands trial by jury under Rule 38.

(As added Apr. 12, 2006, eff. Dec. 1, 2006; amended Mar. 26, 2009, eff. Dec. 1, 2009.)

COMMITTEE NOTES ON RULES—2006

Rule G is added to bring together the central procedures that govern civil forfeiture actions. Civil forfeiture actions are in rem proceedings, as are many admiralty proceedings. As the number of civil forfeiture actions has increased, however, reasons have appeared to create sharper distinctions within the framework of the Supplemental Rules. Civil forfeiture practice will benefit from distinctive provisions that express and focus developments in statutory, constitutional, and decisional law. Admiralty practice will be freed from the pressures that arise when the needs of civil forfeiture proceedings counsel interpretations of common rules that may not be suitable for admiralty proceedings.

Rule G generally applies to actions governed by the Civil Asset Forfeiture Reform Act of 2000 (CAFRA) and also to actions excluded from it. The rule refers to some specific CAFRA provisions; if these statutes are amended, the rule should be adapted to the new provisions during the period required to amend the rule.

Rule G is not completely self-contained. Subdivision (1) recognizes the need to rely at times on other Supplemental Rules and the place of the Supplemental Rules within the basic framework of the Civil Rules.

Supplemental Rules A, C, and E are amended to reflect the adoption of Rule G.

*Subdivision (1)*

Rule G is designed to include the distinctive procedures that govern a civil forfeiture action. Some details, however, are better supplied by relying on Rules

C and E. Subdivision (1) incorporates those rules for issues not addressed by Rule G. This general incorporation is at times made explicit—subdivision (7)(b)(v), for example, invokes the security provisions of Rule E. But Rules C and E are not to be invoked to create conflicts with Rule G. They are to be used only when Rule G, fairly construed, does not address the issue.

The Civil Rules continue to provide the procedural framework within which Rule G and the other Supplemental Rules operate. Both Rule G(1) and Rule A state this basic proposition. Rule G, for example, does not address pleadings amendments. Civil Rule 15 applies, in light of the circumstances of a forfeiture action.

### Subdivision (2)

Rule E(2)(a) requires that the complaint in an admiralty action "state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." Application of this standard to civil forfeiture actions has evolved to the standard stated in subdivision (2)(f). The complaint must state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. *See U.S. v. Mondragon*, 313 F.3d 862 (4th Cir. 2002). Subdivision (2)(f) carries this forfeiture case law forward without change.

### Subdivision (3)

Subdivision (3) governs in rem process in a civil forfeiture action.

*Paragraph (a).* Paragraph (a) reflects the provisions of 18 U.S.C. § 985.

*Paragraph (b).* Paragraph (b) addresses arrest warrants when the defendant is not real property. Subparagraph (i) directs the clerk to issue a warrant if the property is in the government's possession, custody, or control. If the property is not in the government's possession, custody, or control and is not subject to a restraining order, subparagraph (ii) provides that a warrant issues only if the court finds probable cause to arrest the property. This provision departs from former Rule C(3)(a)(i), which authorized issuance of summons and warrant by the clerk without a probable-cause finding. The probable-cause finding better protects the interests of persons interested in the property. Subparagraph (iii) recognizes that a warrant is not necessary if the property is subject to a judicial restraining order. The government remains free, however, to seek a warrant if it anticipates that the restraining order may be modified or vacated.

*Paragraph (c).* Subparagraph (ii) requires that the warrant and any supplemental process be served as soon as practicable unless the property is already in the government's possession, custody, or control. But it authorizes the court to order a different time. The authority to order a different time recognizes that the government may have secured orders sealing the complaint in a civil forfeiture action or have won a stay after filing. The seal or stay may be ordered for reasons, such as protection of an ongoing criminal investigation, that would be defeated by prompt service of the warrant. Subparagraph (ii) does not reflect any independent ground for ordering a seal or stay, but merely reflects the consequences for execution when sealing or a stay is ordered. A court also may order a different time for service if good cause is shown for reasons unrelated to a seal or stay. Subparagraph (iv) reflects the uncertainty surrounding service of an arrest warrant on property not in the United States. It is not possible to identify in the rule the appropriate authority for serving process in all other countries. Transmission of the warrant to an appropriate authority, moreover, does not ensure that the warrant will be executed. The rule requires only that the warrant be transmitted to an appropriate authority.

### Subdivision (4)

*Paragraph (a).* Paragraph (a) reflects the traditional practice of publishing notice of an in rem action.

Subparagraph (i) recognizes two exceptions to the general publication requirement. Publication is not required if the defendant property is worth less than $1,000 and direct notice is sent to all reasonably identifiable potential claimants as required by subdivision (4)(b). Publication also is not required if the court finds that other means of notice would satisfy due process. Publication on a government-established internet forfeiture site, as contemplated by subparagraph (iv), would be at a low marginal publication cost, which would likely be the cost to compare to the property value.

Subparagraph (iv) states the basic criterion for selecting the means and method of publication. The purpose is to adopt a means reasonably calculated to reach potential claimants. The government should choose from among these means a method that is reasonably likely to reach potential claimants at a cost reasonable in the circumstances.

If the property is in the United States and newspaper notice is chosen, publication may be where the action is filed, where the property was seized, or—if the property was not seized—where the property is located. Choice among these places is influenced by the probable location of potential claimants.

If the property is not in the United States, account must be taken of the sensitivities that surround publication of legal notices in other countries. A foreign country may forbid local publication. If potential claimants are likely to be in the United States, publication in the district where the action is filed may be the best choice. If potential claimants are likely to be located abroad, the better choice may be publication by means generally circulated in the country where the property is located.

Newspaper publication is not a particularly effective means of notice for most potential claimants. Its traditional use is best defended by want of affordable alternatives. Paragraph (iv)(C) contemplates a government-created internet forfeiture site that would provide a single easily identified means of notice. Such a site could allow much more direct access to notice as to any specific property than publication provides.

*Paragraph (b).* Paragraph (b) is entirely new. For the first time, Rule G expressly recognizes the due process obligation to send notice to any person who reasonably appears to be a potential claimant.

Subparagraph (i) states the obligation to send notice. Many potential claimants will be known to the government because they have filed claims during the administrative forfeiture stage. Notice must be sent, however, no matter what source of information makes it reasonably appear that a person is a potential claimant. The duty to send notice terminates when the time for filing a claim expires.

Notice of the action does not require formal service of summons in the manner required by Rule 4 to initiate a personal action. The process that begins an in rem forfeiture action is addressed by subdivision (3). This process commonly gives notice to potential claimants. Publication of notice is required in addition to this process. Due process requirements have moved beyond these traditional means of notice, but are satisfied by practical means that are reasonably calculated to accomplish actual notice.

Subparagraph (ii)(B) directs that the notice state a deadline for filing a claim that is at least 35 days after the notice is sent. This provision applies both in actions that fall within 18 U.S.C. § 983(a)(4)(A) and in other actions. Section 983(a)(4)(A) states that a claim should be filed no later than 30 days after service of the complaint. The variation introduced by subparagraph (ii)(B) reflects the procedure of § 983(a)(2)(B) for nonjudicial forfeiture proceedings. The nonjudicial procedure requires that a claim be filed "not later than the deadline set forth in a personal notice letter (which may be not earlier than 35 days after the date the letter is sent) * * *." This procedure is as suitable in a civil forfeiture action as in a nonjudicial forfeiture proceeding. Thirty-five days after notice is sent ordinarily

will extend the claim time by no more than a brief period; a claimant anxious to expedite proceedings can file the claim before the deadline; and the government has flexibility to set a still longer period when circumstances make that desirable.

Subparagraph (iii) begins by stating the basic requirement that notice must be sent by means reasonably calculated to reach the potential claimant. No attempt is made to list the various means that may be reasonable in different circumstances. It may be reasonable, for example, to rely on means that have already been established for communication with a particular potential claimant. The government's interest in choosing a means likely to accomplish actual notice is bolstered by its desire to avoid post-forfeiture challenges based on arguments that a different method would have been more likely to accomplish actual notice. Flexible rule language accommodates the rapid evolution of communications technology.

Notice may be directed to a potential claimant through counsel, but only to counsel already representing the claimant with respect to the seizure of the property, or in a related investigation, administrative forfeiture proceeding, or criminal case.

Subparagraph (iii)(C) reflects the basic proposition that notice to a potential claimant who is incarcerated must be sent to the place of incarceration. Notice directed to some other place, such as a pre-incarceration residence, is less likely to reach the potential claimant. This provision does not address due process questions that may arise if a particular prison has deficient procedures for delivering notice to prisoners. *See Dusenbery v. U.S.,* 534 U.S. 161 (2002).

Items (D) and (E) of subparagraph (iii) authorize the government to rely on an address given by a person who is not incarcerated. The address may have been given to the agency that arrested or released the person, or to the agency that seized the property. The government is not obliged to undertake an independent investigation to verify the address.

Subparagraph (iv) identifies the date on which notice is considered to be sent for some common means, without addressing the circumstances for choosing among the identified means or other means. The date of sending should be determined by analogy for means not listed. Facsimile transmission, for example, is sent upon transmission. Notice by personal delivery is sent on delivery.

Subparagraph (v), finally, reflects the purpose to effect actual notice by providing that a potential claimant who had actual notice of a forfeiture proceeding cannot oppose or seek relief from forfeiture because the government failed to comply with subdivision (4)(b).

*Subdivision (5)*

*Paragraph (a).* Paragraph (a) establishes that the first step of contesting a civil forfeiture action is to file a claim. A claim is required by 18 U.S.C. §983(a)(4)(A) for actions covered by §983. Paragraph (a) applies this procedure as well to actions not covered by §983. "Claim" is used to describe this first pleading because of the statutory references to claim and claimant. It functions in the same way as the statement of interest prescribed for an admiralty proceeding by Rule C(6), and is not related to the distinctive meaning of "claim" in admiralty practice.

If the claimant states its interest in the property to be as bailee, the bailor must be identified. A bailee who files a claim on behalf of a bailor must state the bailee's authority to do so.

The claim must be signed under penalty of perjury by the person making it. An artificial body that can act only through an agent may authorize an agent to sign for it. Excusable inability of counsel to obtain an appropriate signature may be grounds for an extension of time to file the claim.

Paragraph (a)(ii) sets the time for filing a claim. Item (C) applies in the relatively rare circumstance in which notice is not published and the government did not send direct notice to the claimant because it did not

know of the claimant or did not have an address for the claimant.

*Paragraph (b).* Under 18 U.S.C. §983(a)(4)(B), which governs many forfeiture proceedings, a person who asserts an interest by filing a claim "shall file an answer to the Government's complaint for forfeiture not later than 20 days after the date of the filing of the claim." Paragraph (b) recognizes that this statute works within the general procedures established by Civil Rule 12. Rule 12(a)(4) suspends the time to answer when a Rule 12 motion is served within the time allowed to answer. Continued application of this rule to proceedings governed by §983(a)(4)(B) serves all of the purposes advanced by Rule 12(a)(4), *see U.S. v. $8,221,877.16,* 330 F.3d 141 (3d Cir. 2003); permits a uniform procedure for all civil forfeiture actions; and recognizes that a motion under Rule 12 can be made only after a claim is filed that provides background for the motion.

Failure to present an objection to in rem jurisdiction or to venue by timely motion or answer waives the objection. Waiver of such objections is familiar. An answer may be amended to assert an objection initially omitted. But Civil Rule 15 should be applied to an amendment that for the first time raises an objection to in rem jurisdiction by analogy to the personal jurisdiction objection provision in Civil Rule 12(h)(1)(B). The amendment should be permitted only if it is permitted as a matter of course under Rule 15(a).

A claimant's motion to dismiss the action is further governed by subdivisions (6)(c), (8)(b), and (8)(c).

*Subdivision (6)*

Subdivision (6) illustrates the adaptation of an admiralty procedure to the different needs of civil forfeiture. Rule C(6) permits interrogatories to be served with the complaint in an in rem action without limiting the subjects of inquiry. Civil forfeiture practice does not require such an extensive departure from ordinary civil practice. It remains useful, however, to permit the government to file limited interrogatories at any time after a claim is filed to gather information that bears on the claimant's standing. Subdivisions (8)(b) and (c) allow a claimant to move to dismiss only if the claimant has standing, and recognize the government's right to move to dismiss a claim for lack of standing. Subdivision (6) interrogatories are integrated with these provisions in that the interrogatories are limited to the claimant's identity and relationship to the defendant property. If the claimant asserts a relationship to the property as bailee, the interrogatories can inquire into the bailor's interest in the property and the bailee's relationship to the bailor. The claimant can accelerate the time to serve subdivision (6) interrogatories by serving a motion to dismiss—the interrogatories must be served within 20 days after the motion is served. Integration is further accomplished by deferring the government's obligation to respond to a motion to dismiss until 20 days after the claimant moving to dismiss has answered the interrogatories.

Special interrogatories served under Rule G(6) do not count against the presumptive 25-interrogatory limit established by Rule 33(a). Rule 33 procedure otherwise applies to these interrogatories.

Subdivision (6) supersedes the discovery "moratorium" of Rule 26(d) and the broader interrogatories permitted for admiralty proceedings by Rule C(6).

*Subdivision (7)*

*Paragraph (a).* Paragraph (a) is adapted from Rule E(9)(b). It provides for preservation orders when the government does not have actual possession of the defendant property. It also goes beyond Rule E(9) by recognizing the need to prevent use of the defendant property in ongoing criminal offenses.

*Paragraph (b).* Paragraph (b)(i)(C) recognizes the authority, already exercised in some cases, to order sale of property subject to a defaulted mortgage or to defaulted taxes. The authority is narrowly confined to mortgages and tax liens; other lien interests may be

addressed, if at all, only through the general good-cause provision. The court must carefully weigh the competing interests in each case.

Paragraph (b)(i)(D) establishes authority to order sale for good cause. Good cause may be shown when the property is subject to diminution in value. Care should be taken before ordering sale to avoid diminished value.

Paragraph (b)(iii) recognizes that if the court approves, the interests of all parties may be served by their agreement to sale, aspects of the sale, or sale procedures that depart from governing statutory procedures.

Paragraph (c) draws from Rule E(9)(a), (b), and (c). Disposition of the proceeds as provided by law may require resolution of disputed issues. A mortgagee's claim to the property or sale proceeds, for example, may be disputed on the ground that the mortgage is not genuine. An undisputed lien claim, on the other hand, may be recognized by payment after an interlocutory sale.

*Subdivision (8)*

Subdivision (8) addresses a number of issues that are unique to civil forfeiture actions.

*Paragraph (a).* Standing to suppress use of seized property as evidence is governed by principles distinct from the principles that govern claim standing. A claimant with standing to contest forfeiture may not have standing to seek suppression. Rule G does not of itself create a basis of suppression standing that does not otherwise exist.

*Paragraph (b).* Paragraph (b)(i) is one element of the system that integrates the procedures for determining a claimant's standing to claim and for deciding a claimant's motion to dismiss the action. Under paragraph (c)(ii), a motion to dismiss the action cannot be addressed until the court has decided any government motion to strike the claim or answer. This procedure is reflected in the (b)(i) reminder that a motion to dismiss the forfeiture action may be made only by a claimant who establishes claim standing. The government, moreover, need not respond to a claimant's motion to dismiss until 20 days after the claimant has answered any subdivision (6) interrogatories.

Paragraph (b)(ii) mirrors 18 U.S.C. §983(a)(3)(D). It applies only to an action independently governed by §983(a)(3)(D), implying nothing as to actions outside §983(a)(3)(D). The adequacy of the complaint is measured against the pleading requirements of subdivision (2), not against the quality of the evidence available to the government when the complaint was filed.

*Paragraph (c).* As noted with paragraph (b), paragraph (c) governs the procedure for determining whether a claimant has standing. It does not address the principles that govern claim standing.

Paragraph (c)(i)(A) provides that the government may move to strike a claim or answer for failure to comply with the pleading requirements of subdivision (5) or to answer subdivision (6) interrogatories. As with other pleadings, the court should strike a claim or answer only if satisfied that an opportunity should not be afforded to cure the defects under Rule 15. Not every failure to respond to subdivision (6) interrogatories warrants an order striking the claim. But the special role that subdivision (6) plays in the scheme for determining claim standing may justify a somewhat more demanding approach than the general approach to discovery sanctions under Rule 37.

Paragraph (c)(ii) directs that a motion to strike a claim or answer be decided before any motion by the claimant to dismiss the action. A claimant who lacks standing is not entitled to challenge the forfeiture on the merits.

Paragraph (c)(ii) further identifies three procedures for addressing claim standing. If a claim fails on its face to show facts that support claim standing, the claim can be dismissed by judgment on the pleadings. If the claim shows facts that would support claim standing, those facts can be tested by a motion for summary judgment. If material facts are disputed, precluding a grant of summary judgment, the court may hold an evidentiary hearing. The evidentiary hearing is held by the court without a jury. The claimant has the burden to establish claim standing at a hearing; procedure on a government summary judgment motion reflects this allocation of the burden.

*Paragraph (d).* The hardship release provisions of 18 U.S.C. §983(f) do not apply to a civil forfeiture action exempted from §983 by §983(i).

Paragraph (d)(ii) reflects the venue provisions of 18 U.S.C. §983(f)(3)(A) as a guide to practitioners. In addition, it makes clear the status of a civil forfeiture action as a "civil action" eligible for transfer under 28 U.S.C. §1404. A transfer decision must be made on the circumstances of the particular proceeding. The district where the forfeiture action is filed has the advantage of bringing all related proceedings together, avoiding the waste that flows from consideration of different parts of the same forfeiture proceeding in the court where the warrant issued or the court where the property was seized. Transfer to that court would serve consolidation, the purpose that underlies nationwide enforcement of a seizure warrant. But there may be offsetting advantages in retaining the petition where it was filed. The claimant may not be able to litigate, effectively or at all, in a distant court. Issues relevant to the petition may be better litigated where the property was seized or where the warrant issued. One element, for example, is whether the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of trial. Another is whether continued government possession would prevent the claimant from working. Determining whether seizure of the claimant's automobile prevents work may turn on assessing the realities of local public transit facilities.

*Paragraph (e).* The Excessive Fines Clause of the Eighth Amendment forbids an excessive forfeiture. *U.S. v. Bajakajian,* 524 U.S. 321 (1998). 18 U.S.C. §983(g) provides a "petition" "to determine whether the forfeiture was constitutionally excessive" based on finding "that the forfeiture is grossly disproportional to the offense." Paragraph (e) describes the procedure for §983(g) mitigation petitions and adopts the same procedure for forfeiture actions that fall outside §983(g). The procedure is by motion, either for summary judgment or for mitigation after a forfeiture judgment is entered. The claimant must give notice of this defense by pleading, but failure to raise the defense in the initial answer may be cured by amendment under Rule 15. The issues that bear on mitigation often are separate from the issues that determine forfeiture. For that reason it may be convenient to resolve the issue by summary judgment before trial on the forfeiture issues. Often, however, it will be more convenient to determine first whether the property is to be forfeited. Whichever time is chosen to address mitigation, the parties must have had the opportunity to conduct civil discovery on the defense. The extent and timing of discovery are governed by the ordinary rules.

*Subdivision (9)*

Subdivision (9) serves as a reminder of the need to demand jury trial under Rule 38. It does not expand the right to jury trial. *See U.S. v. One Parcel of Property Located at 32 Medley Lane,* 2005 WL 465241 (D.Conn. 2005), ruling that the court, not the jury, determines whether a forfeiture is constitutionally excessive.

*Changes Made After Publication and Comment.* Rule G(6)(a) was amended to delete the provision that special interrogatories addressed to a claimant's standing are "under Rule 33." The government was concerned that some forfeitures raise factually complex standing issues that require many interrogatories, severely depleting the presumptive 25-interrogatory limit in Rule 33. The Committee Note is amended to state that the interrogatories do not count against the limit, but that Rule 33 governs the procedure.

Rule G(7)(a) was amended to recognize the court's authority to enter an order necessary to prevent use of the defendant property in a criminal offense.

Rule G(8)(c) was revised to clarify the use of three procedures to challenge a claimant's standing—judgment on the pleadings, summary judgment, or an evidentiary hearing.

Several other rule text changes were made to add clarity on small points or to conform to Style conventions.

Changes were made in the Committee Note to explain some of the rule text revisions, to add clarity on a few points, and to delete statements about complex matters that seemed better left to case-law development.

COMMITTEE NOTES ON RULES—2009 AMENDMENT

The times set in the former rule at 20 days have been revised to 21 days. See the Note to Rule 6.

# FEDERAL RULES OF EVIDENCE

*(As amended to January 3, 2012)*

### EFFECTIVE DATE AND APPLICATION OF RULES

Pub. L. 93–595, §1, Jan. 2, 1975, 88 Stat. 1926, provided: "That the following rules shall take effect on the one hundred and eightieth day [July 1, 1975] beginning after the date of the enactment of this Act [Jan. 2, 1975]. These rules apply to actions, cases, and proceedings brought after the rules take effect. These rules also apply to further procedure in actions, cases, and proceedings then pending, except to the extent that application of the rules would not be feasible, or would work injustice, in which event former evidentiary principles apply."

### HISTORICAL NOTE

The Federal Rules of Evidence were adopted by order of the Supreme Court on Nov. 20, 1972, transmitted to Congress by the Chief Justice on Feb. 5, 1973, and to have become effective on July 1, 1973. Pub. L. 93–12, Mar. 30, 1973, 87 Stat. 9, provided that the proposed rules "shall have no force or effect except to the extent, and with such amendments, as they may be expressly approved by Act of Congress". Pub. L. 93–595, Jan. 2, 1975, 88 Stat. 1926, enacted the Federal Rules of Evidence proposed by the Supreme Court, with amendments made by Congress, to take effect on July 1, 1975.

The Rules have been amended Oct. 16, 1975, Pub. L. 94–113, §1, 89 Stat. 576, eff. Oct. 31, 1975; Dec. 12, 1975, Pub. L. 94–149, §1, 89 Stat. 805; Oct. 28, 1978, Pub. L. 95–540, §2, 92 Stat. 2046; Nov. 6, 1978, Pub. L. 95–598, title II, §251, 92 Stat. 2673, eff. Oct. 1, 1979; Apr. 30, 1979, eff. Dec. 1, 1980; Apr. 2, 1982, Pub. L. 97–164, title I, §142, title IV, §402, 96 Stat. 45, 57, eff. Oct. 1, 1982; Oct. 12, 1984, Pub. L. 98–473, title IV, §406, 98 Stat. 2067; Mar. 2, 1987, eff. Oct. 1, 1987; Apr. 25, 1988, eff. Nov. 1, 1988; Nov. 18, 1988, Pub. L. 100–690, title VII, §§7046, 7075, 102 Stat. 4400, 4405; Jan. 26, 1990, eff. Dec. 1, 1990; Apr. 30, 1991, eff. Dec. 1, 1991; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 29, 1994, eff. Dec. 1, 1994; Sept. 13, 1994, Pub. L. 103–322, title IV, §40141, title XXXII, §320935, 108 Stat. 1918, 2135; Apr. 11, 1997, eff. Dec. 1, 1997; Apr. 24, 1998, eff. Dec. 1, 1998; Apr. 17, 2000, eff. Dec. 1, 2000; Mar. 27, 2003, eff. Dec. 1, 2003; Apr. 12, 2006, eff. Dec. 1, 2006; Sept. 19, 2008, Pub. L. 110–322, §1(a), 122 Stat. 3537; Apr. 28, 2010, eff. Dec. 1, 2010; Apr. 26, 2011, eff. Dec. 1, 2011.

## ARTICLE I. GENERAL PROVISIONS

Rule
101. Scope; definitions.
102. Purpose.
103. Rulings on evidence.
104. Preliminary questions.
105. Limiting evidence that is not admissible against other parties or for other purposes.
106. Remainder of or related writings or recorded statements.

## ARTICLE II. JUDICIAL NOTICE

201. Judicial notice of adjudicative facts.

## ARTICLE III. PRESUMPTIONS IN CIVIL CASES

301. Presumptions in civil cases generally.
302. Applying State law to presumptions in civil cases.

## ARTICLE IV. RELEVANCE AND ITS LIMITS

401. Test for relevant evidence.
402. General admissibility of relevant evidence.
403. Excluding relevant evidence for prejudice, confusion, waste of time, or other reasons.
404. Character evidence; crimes or other acts.
405. Methods of proving character.
406. Habit; routine practice.
407. Subsequent remedial measures.
408. Compromise offers and negotiations.
409. Offers to pay medical and similar expenses.
410. Pleas, plea discussions, and related statements.
411. Liability insurance.
412. Sex-offense cases: the victim's sexual behavior or predisposition.
413. Similar crimes in sexual-assault cases.
414. Similar crimes in child-molestation cases.
415. Similar acts in civil cases involving sexual assault or child molestation.

## ARTICLE V. PRIVILEGES

501. Privilege in general.
502. Attorney-client privilege and work product; limitations on waiver.

## ARTICLE VI. WITNESSES

601. Competency to testify in general.
602. Need for personal knowledge.
603. Oath or affirmation to testify truthfully.
604. Interpreter.
605. Judge's competency as a witness.
606. Juror's competency as a witness.
607. Who may impeach a witness.
608. A witness's character for truthfulness or untruthfulness.
609. Impeachment by evidence of a criminal conviction.
610. Religious beliefs or opinions.
611. Mode and order of examining witnesses and presenting evidence.
612. Writing used to refresh a witness's memory.
613. Witness's prior statement.
614. Court's calling or examining a witness.
615. Excluding witnesses.

## ARTICLE VII. OPINIONS AND EXPERT TESTIMONY

701. Opinion testimony by lay witnesses.
702. Testimony by expert witnesses.
703. Bases of an expert's opinion testimony.
704. Opinion on an ultimate issue.
705. Disclosing the facts or data underlying an expert's opinion.
706. Court-appointed expert witnesses.

## ARTICLE VIII. HEARSAY

801. Definitions that apply to this article; exclusions from hearsay.
802. The rule against hearsay.
803. Exceptions to the rule against hearsay—regardless of whether the declarant is available as a witness.
804. Exceptions to the rule against hearsay—when the declarant is unavailable as a witness.
805. Hearsay within hearsay.

## NOTARY'S CERTIFICATE OF AUTHORITY

**Document Identification of Description:  Libel of Review
-common law counterclaim in admiralty -- notice lis pendens and -
- verified statement of right -Re: Criminal Case CR12-262RSL,
false claim in *assumpsit* to rights in the original estate-Article III;
Constitution,  Memorandum within & Interrogatory's.**

**With Acknowledged Reference Number(s) of Documents Assigned
or Released 20090518001102  Case CR12-262RSL**

**Date of Document: November 20ᵗʰ 2012        Number of Pages 205 224.**

**In and for County of Snohomish, State of Washington.
Jurisdiction of Notarial act (State and County).**

_____
**Signature of Notary**

**JILL E. LANE** _____
**Printed Name of Notary**

*issued 10/20/11  expired 10/20/15*
**Date of Notary Certificate**

```
JILL E. LANE
Notary Public
State of Washington
My Commission Expires
October 20, 2015
```

**Offical Stamp or Seal**

*The use of a Notary Witness for attestation purposes does not convey jurisdiction
to any foreign and/or fictional entity, or change my character or standing in Law.*

*[Note: The above Notary Public is not an Attorney licensed to practice law in the
State of Washington and has not given legal advice or accepted fees for legal
advice; provided no assistance in the preparation of the above referenced
documents, and has no interest in an issue referenced therein.  The above
Notary Public is NOT a party to this action and is ONLY acting in an authorized
capacity as liaison to communications between parties.]*

